1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,,              No.  2:03-cr-0550 WBS DAD P

12              Respondent,

13        v.                                 ORDER AND

14   WILL MOSS, Jr.                          FINDINGS AND RECOMMENDATIONS

15              Movant.

16

17        Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or

18   correct his sentence pursuant to 28 U.S.C. § 2255.[1]  On June 21, 2007, following a jury trial,

19   movant was convicted of four counts of sex trafficking of children by force, fraud or coercion in

20   violation of 18 U.S.C. § 1591(a)(1); one count of coercion and enticement for prostitution in

21   violation of 18 U.S.C. § 2422(a); two counts of interstate transportation of a minor with intent to

22   engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a); one count of possession of

23   a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); three

24   counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1);

25   and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).  (ECF

26   No. 188 at 2.)

27   ───────────────────────
     [1]  This motion was assigned, for statistical purposes, civil case number No. 2:11-cv-2841 WBS
28   DAD P.

                                              1

1    Movant now seeks post-conviction relief on the grounds that both his trial and appellate

2    counsel rendered him ineffective assistance.  Upon careful consideration of the record and the

3    applicable law, the undersigned recommends that movant's § 2255 motion be denied.

4    Movant has also filed a motion for default judgment, a motion to amend his § 2255

5    motion to add an additional claim for relief, and a motion to strike respondent's opposition to his

6    motion to amend.  For the reasons set forth below, all of those motions will be denied.

7    **I.  Procedural Background**

8    On June 21, 2007, after a jury trial, movant Will Moss, Jr. was convicted of the various

9    offenses described above as charged in the indictment.  (ECF No. 188 at 2.)  On February 13,

10   2007, United States District Judge Edward J. Garcia sentenced movant to a total term of 480

11   months in the custody of the United States Bureau of Prisons, to be followed upon his release

12   from imprisonment by a 120 month term of supervised release.  (ECF No. 184.)

13   On March 6, 2007, movant filed a timely notice of appeal from his judgment of

14   conviction.  (ECF No. 183.)  By order dated May 18, 2010, the United States Court of Appeals

15   for the Ninth Circuit affirmed movant's conviction on all counts except counts 11 and 12, in

16   which he was charged with being a convicted felon in possession of a firearm, which were

17   remanded for vacatur of one of those two counts to avoid multiplicitous convictions.  (ECF No.

18   242.)[2]   On remand, the trial court vacated movant's conviction on count 12 as well as the special

19   assessment that had been imposed in connection with that count.  (ECF No. 248, 249.)  Movant

20   subsequently filed a petition for certiorari in the United States Supreme Court, which was denied

21   on November 1, 2010.  (ECF No 250 at 12.)

22   Movant filed the instant motion pursuant to 28 U.S.C. § 2255 on October 26, 2011.  (Id. at

23   1.)  The motion for relief is a form motion upon which movant has stated his grounds for relief

24   and describes the nature of his claims.  Though the form motion requests specific facts supporting

25   each claim, movant has not alleged any factual underpinnings for his claims but rather, for the

26   most part, has simply asserted conclusions.  No memorandum of points and authorities were

27

28   [2]  On appeal, the government conceded error with respect to that issue.

2

1    submitted by movant with his motion and the form motion contains no citation to legal authorities

2    nor to the record in this action.  After the granting of several extensions of time in which to do so,

3    respondent finally filed an answer on September 20, 2012.  (ECF No. 268.)  Movant did not file a

4    traverse.[3]

5          On July 26, 2013, movant filed a motion for leave to amend his § 2255 motion to add an

6    additional claim for relief.  (ECF No. 280.)  On September 6, 2013, respondent was directed by

7    the court to file an opposition or a statement of non-opposition to movant's motion to amend.

8    (ECF No. 281.)  When respondent failed to do so, on October 17, 2013, the undersigned issued an

9    order requiring respondent to show cause in writing why sanctions should not be imposed due to

10   respondent's failure to timely comply with the court's September 6, 2013 order.  (ECF No. 283.)

11   On October 21, 2013, movant filed a motion for default judgment.  (ECF No. 284.)  On October

12   25, 2013, respondent filed a response to the court's October 17, 2013 order to show cause along

13   with an opposition to movant's motion to amend.  (ECF No. 286.)  On August 22, 2014, movant

14   filed a "motion to dismiss" respondent's opposition to his motion to amend or, in the alternative,

15   a "request for leave to file an untimely reply."  (ECF No. 290.)[4]  Since that date the only

16   documents filed by movant with this court have been notices of change of address.

17   **II.  Factual Background**

18         On April 12, 2005, movant filed a pre-trial motion to suppress evidence.  The trial court's

19   decision on that motion contained the following description of facts pertaining to movant's crimes

20   _____

21   [3]  On January 11, 2013, movant filed a letter with the court entitled "Failure of Retained Counsel
     to Perform."  (ECF No. 278.)  Therein movant stated he believed he had retained "Freedom
22   Foundation PLLC" as counsel for the purpose of prosecuting his § 2255 motion, but had noticed
     from a review of the docket that counsel had not filed anything on his behalf.  In response to this
23   letter, movant was advised by the clerk of court that Freedom Foundation had not appeared as his
     counsel of record in this action.  (Id.)  As noted, movant did not file a traverse on his own behalf.
24

25   [4]  In his motion to dismiss respondent's opposition to his motion to amend, movant does present
     some arguments regarding the evidence presented at his trial.  In general, movant contends that
26   the testimony of the prostitute victims in his case was inconsistent, not credible and did not
     support his conviction on the charges brought against him. (ECF No. 290 at 7-13.)  Petitioner also
27   argues that he was prejudiced by the trial court's refusal to allow him to present a defense to some
     of the charges that he was not aware that the prostitutes in question were under the age of 18.  (Id.
28   at 14-19.)

3

1    of conviction, his arrest, and the subsequent search of his vehicle.

2            Stockton police officers began their investigation of Will Moss, Jr.

3    in July 2003.  By December 2003 they had interviewed several witnesses, gathered documentary evidence, and had otherwise corroborated the statements of witnesses who identified the

4    defendant as a pimp who with the assistance of Vinnie Brooks had moved women, including at least one minor, inside the State of

5    California and to at least Las Vegas, Nevada for the purposes of prostitution.

6

7            On December 12, 2003, between approximately 3:30 and 4:00 p.m., San Joaquin County Probation Officer James Christensen called

8    Stockton Police Department Sergeant Kenneth Praegetzer and advised that while he was driving in the area of Sierra Nevada Street and Wilson Way in Stockton he observed three or four black

9    females on the street.  He said the women stood out to him because they were younger and dressed in a flashy manner, including high

10   heels and tight, short clothing in contrast to the typical dress, age, and demeanor of local prostitutes on Wilson Way.

11

12           Sgt. Praegetzer relayed this information to Officers James Chraska, Jose Lopez, Phillip Thompson, and Jonathan Kislingbury for further investigation.  Those officers proceeded to the Wilson Way

13   area, which was well known for prostitution activity.   Officer Kislingbury observed four females walking on Wilson Way who

14   met the description he had been provided.  He observed a white female, later identified as Stephanie Bednarik, walking with a black

15   female, later identified as Summer Sawyer, and then saw two additional black women, later identified as Allison Carruth and

16   Margaret Hutchinson, walking a few blocks south on Wilson Way. Officer Kislingbury recognized Summer Sawyer as a prostitute with

17   whom he had dealings in the past.

18           The officers observed the activities of the women in the prostitution area.  Officer Kislingbury watched Carruth and Hutchinson wave at

19   traffic and motion cars to the side of the road.  They waved at three vehicles with male drivers and called out to them to turn around.

20   As Officer Kislingbury stopped at the stop sign at the intersection of Flora Street and Wilson Way to turn onto Wilson Way, Carruth

21   and Hutchinson were only about twenty-five feet away walking southbound on Wilson Way.  As he turned onto Wilson Way,

22   Hutchinson called out to him and said, "Hey, don't go, come back." Officer Kislingbury replied, "hello" and relayed this information to

23   the other officers.

24           Meanwhile, Officers Chraska and Lopez observed Carruth and Hutchinson loitering in the area of the Wienerschnitzel.   After

25   Hutchinson waved at them, Officer Chraska pulled into the restaurant parking lot in the unmarked police car.  Carruth and

26   Hutchinson then approached the car.   Carruth pushed her chest towards Officer Lopez and asked him to touch her.  Hutchinson

27   said hello to Officer Chraska and then pushed her breasts towards

28   /////

4

the open window and asked him to touch her.[5]  When Officer
Chraska told her he wanted to have sex with her, she replied,
"[w]ell, how much you got."  Officer Chraska told her he had sixty
dollars, but did not touch her.  At that point Carruth walked towards
Hutchinson and told her to leave.

The officers then arrested Carruth and Hutchinson for loitering for
the purposes of prostitution.  They both indicated that their home
address was 5419 Tropicana Boulevard, apartment #1207, an
address known to the officers as the address of defendant Moss.  In
addition, Carruth was using a Boost cell phone, known to be
commonly used by prostitutes, that contained numbers for "Slim,"
"Tachi," and "Cinnamon."   Those names were familiar to the
officers because the Vice Unit had an ongoing investigation of
pimping and pandering against Will Moss, Jr. who is also known as
Slim.  Tachi was known to be a nickname for co-defendant Vinnie
Brooks.

After Carruth and Hutchinson were taken to the police station,
Officer Kislingbury pulled out of the Wienerschnitzel parking lot
and noticed both Sawyer and Bednarik on the sidewalk just south of
the restaurant talking to some other women on the street.   It
appeared to him that Sawyer and Bednarik were being warned by
other prostitutes on the street that law enforcement had made
contact with Carruth and Hutchinson.   Sawyer and Bednarik
appeared nervous, changed the direction they were walking, entered
the Wienerschnitzel, and sat down.  Officer Kislingbury observed
Sawyer talking on her cell phone while she was at the table.

About twenty minutes later Carruth and Hutchinson left the
Wienerschnitzel, followed by Officer Kislingbury and others.  As
the women walked westbound on Fremont Street to American
Street, they got into a blue Cadillac, four dour [sic], license plate
number 2ZJX115.  Accordingly [sic] to Officer Kislingbury, the
women did not flag the car down, but got into it as if they knew the
driver.  The vehicle was familiar to Officer Kislingbury and others
in the unit as being registered to Will Moss, Jr.  Officer Kislingbury
drove alongside the Cadillac and confirmed that defendant Moss
was the driver.

Shortly thereafter defendant was pulled over and arrested for
pimping and pandering prostitution.  An inventory search of the car
was completed before it was towed from the scene.  During the
inventory search officers found a computer, handgun, and shotgun
ammunition.

(ECF No. 67 at 2-5.)  In an exhibit attached to movant's motion to suppress evidence, Officer

Kislingbury reported that:

_____

[5]   The fact that the women asked the officers to touch them was consistent with the approach
taken by prostitutes who want to avoid getting arrested and know that law enforcement officers
are not permitted to touch them.

5

S-Moss drove onto the cross-town freeway (E/B Hwy 4) where Ofc. Johansen and Sgt. Will conducted a traffic stop on S-Moss. S-Moss pulled over in the center divider just east of Filbert St. S-Moss was ordered out of the vehicle and would not exit. S-Moss finally exited the car cussing and saying the police should have been using the loud speaker. S-Moss was taken into custody by Sgt. Will. Refer to Sgt. Will's subsequent report for details.

S-Moss was advised he was under arrest for pimping and pandering. Prior to conducting a vehicle inventory search of the vehicle due to towing the vehicle, I asked S-Moss if there was anything illegal in the vehicle, which he said there wasn't. I asked S-Moss if I could search the vehicle, which he said "Fuck no you can't search my vehicle".

During the inventory search of the vehicle contents, a loaded Raven Arms .25 cal handgun was found in the rear pouch of the front passenger's seat. The serial number had been removed from the gun. There was also a laptop computer in the rear passenger seat, misc. clothing and hygiene products in the trunk. We also located a red 12 gauge shotgun shell under the spare tire in the trunk. I requested FET (Field Evidence Technician) to respond for photographs of the vehicle and items. FET Taylor responded to the scene and took photographs. The handgun was recovered by Ofc. Lopez and secured. I recovered the shotgun shell and laptop computer and turned over to Ofc. Lopez for booking.

(ECF No. 60-1 at 11-12.)

**III. Law Applicable to Motions Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. Davis v. United States, 417 U.S. 333, 344-45 (1974); United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a petitioner has shown "a fundamental defect

1  which inherently results in a complete miscarriage of justice." <u>Davis</u>, 417 U.S. at 346.  <u>See also</u>

2  <u>United States v. Gianelli</u>, 543 F.3d 1178, 1184 (9th Cir. 2008).

3        Under § 2255, "a district court must grant a hearing to determine the validity of a petition

4  brought under that section, '[u]nless the motions and the files and records of the case conclusively

5  show that the prisoner is entitled to no relief.'"  <u>United States v. Blaylock</u>, 20 F.3d 1458, 1465

6  (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's

7  allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible

8  or patently frivolous as to warrant summary dismissal." <u>United States v. McMullen</u>, 98 F.3d

9  1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  <u>See also</u> <u>United States v. Withers</u>,

10  638 F.3d 1055, 1062-63 (9th Cir. 2011); <u>United States v. Leonti</u>, 326 F.3d 1111, 1116 (9th Cir.

11  2003).  To warrant a hearing, therefore, the movant must make specific factual allegations which,

12  if true, would entitle him to relief.  <u>Withers</u>, 638 F.3d at 1062; <u>McMullen</u>, 98 F.3d at 1159.  Mere

13  conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing.

14  <u>United States v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir. 1980).

15  **IV.  Movant's Claims**

16        Movant claims that his trial and appellate counsel rendered ineffective assistance

17  throughout the entire criminal trial and appellate process in this case.  He divides his ineffective

18  assistance claims into four areas:  pretrial, trial, sentencing, and appeal.  (ECF No. 250 at 4-8.)

19  After setting forth the applicable legal principles, the court will analyze each aspect of movant's

20  claims in turn below.

21        **A.  Law Applicable to Claims of Ineffective Assistance of Counsel**

22        The clearly established federal law governing ineffective assistance of counsel claims is

23  that set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To

24  succeed on a <u>Strickland</u> claim, a defendant must show that (1) his counsel's performance was

25  deficient and that (2) the "deficient performance prejudiced the defense." <u>Id.</u> at 687.  Counsel is

26  constitutionally deficient if his or her representation "fell below an objective standard of

27  reasonableness" such that it was outside "the range of competence demanded of attorneys in

28  criminal cases." <u>Id.</u> at 687–88 (internal quotation marks omitted).  "Counsel's errors must be 'so

7

1   serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v.

2   Richter, 562 U.S. 86, ___, 131 S. Ct. 770, 787-88 (2011) (quoting Strickland, 466 U.S. at 687).

3          A reviewing court is required to make every effort "to eliminate the distorting effects of

4   hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the

5   conduct from counsel's perspective at the time." Strickland, 466 U.S. at 669. See also Richter,

6   131 S. Ct. at 789 (same). Reviewing courts must "indulge a strong presumption that counsel's

7   conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S.

8   at 689. There is in addition a strong presumption that counsel "exercised acceptable professional

9   judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990)

10   (citing Strickland, 466 U.S. at 689). This presumption of reasonableness means that the court

11   must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the

12   range of possible reasons [defense] counsel may have had for proceeding as they did." Cullen v.

13   Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1407 (2011) (internal quotation marks and alterations

14   omitted).

15        **B. Ineffective Assistance of Counsel**

16             **1. Pretrial Proceedings**

17          Movant's first claim is that his trial counsel rendered ineffective assistance during the

18   pretrial proceedings in this case. (ECF No. 250 at 4.) His claim in this regard is stated, in full, as

19   follows:

20             Petitioner's counsel failed to: (1) move for dismissal based on the
                violation of Petitioner's statutory and constitutional rights to a
21             speedy trial; Petitioner was continuously incarcerated almost 3
                years prior to trial, with approximately 910 non-excludable days
22             expiring; (2) properly argue for suppression; after the women were
                removed from Petitioner's car, there was no reason to believe that
23             contraband or evidence regarding alleged prostitution would be
                found in Petitioner's vehicle; (3) inform Petitioner of the true risks
24             associated with proceeding to trial versus pleading guilty – had
                Petitioner been properly advised, he would have pled guilty instead
25             of proceeding to trial.

26   (Id.) Movant has not supported any of these claims for relief with argument, citations to legal

27   authority, or citations to the trial record. As such, movant's claims are subject to dismissal as

28   unduly vague and conclusory. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989)

1   (vague or conclusory claims without supporting factual allegations warrant summary dismissal of

2   § 2255 motion); see also Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v.

3   Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are

4   not supported by a statement of specific facts do not warrant habeas relief'")).  Moreover, as

5   discussed below, the record before this court does not support any of movant's claims that he

6   received ineffective assistance of counsel during the pretrial proceedings in this action.

7                           **a. Speedy Trial**

8          Movant claims, without elaboration or supporting factual allegations, that the trial court

9   violated his right to a speedy trial because he was "continuously incarcerated almost 3 years prior

10  to trial, with approximately 910 non-excludable days expiring."  (ECF No. 250 at 4.)  In response,

11  respondent argues that "based on the docket, between December 19, 2003, and June 13, 2006 (the

12  first day of trial), only 26 of 70 non-excludable days passed."  (ECF No. 268 at 4.)  Respondent's

13  argument on this point is supported by an accompanying chart and is consistent with the

14  undersigned's reading of the docket in this action.

15         The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall

16  enjoy the right to a speedy and public trial . . . ."  U.S. Const., Amend. VI.  In assessing a claim

17  that one's constitutional right to a speedy trial has been denied, the court must weigh four factors:

18  "whether delay before trial was uncommonly long, whether the government or the criminal

19  defendant is more to blame for that delay, whether, in due course, the defendant asserted his right

20  to a speedy trial, and whether he suffered prejudice as the delay's result."  Doggett v. United

21  States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).  See also

22  McNeely v. Blanas, 336 F.3d 822, 826 (9th Cir. 2003); United States v. Valentine, 783 F.2d

23  1413, 1417 (9th Cir. 1986).  No one of these four factors alone is either necessary or sufficient to

24  support a finding that there has been a deprivation of the constitutional right to a speedy trial.

25  McNeely, 336 F.3d at 826.  Rather, the various factors are related and must be considered

26  together.  Barker, 407 U.S. at 533.  However, "no showing of prejudice is required when the

27  delay is great and attributable to the government."  United States v. Shell, 974 F.2d 1035, 1036

28  (9th Cir. 1992).

9

1    The Supreme Court has observed:

2    > The length of the delay is to some extent a triggering mechanism.
3    > Until there is some delay which is presumptively prejudicial, there
     > is no necessity for inquiry into the other factors that go into the
     > balance. Nevertheless, because of the imprecision of the right to
4    > speedy trial, the length of delay that will provoke such an inquiry is
     > necessarily dependent upon the peculiar circumstances of the case.
5

6    Barker, 407 U.S. at 530.  In this regard, depending on the nature of the charges, courts have

7    generally found post-accusation delay "presumptively prejudicial" when it begins to approach one

8    year.  Doggett, 505 U.S. at 652, n.1; see also McNeely, 336 F.3d at 826 (three-year delay was

9    presumptively prejudicial); United States v. Gregory, 322 F.3d 1157, 1162 (9th Cir. 2003) (22-

10   month delay between the filing of the first superseding indictment and the trial date was

11   presumptively prejudicial but did not weigh heavily in defendant's favor because it was not

12   excessively long); United States v. Aguirre, 994 F.2d 1454, 1457 (1993) (finding that "a five year

13   delay is long enough to trigger a further look," but concluding that even the five-year delay in that

14   case did not deprive the defendant of his constitutional right to a speedy trial when all of the

15   Barker v. Wingo factors were balanced).

16       The Speedy Trial Act was intended, in part to give "'real meaning to [the] Sixth

17   Amendment right' of an accused individual to a speedy trial."  United States v. Martinez-

18   Martinez, 369 F.3d 1076, 1085 (9th Cir. 2004) (quoting H.R. Rep. No. 93–1508, at 7402, 7404

19   (1974)).    The Act provides that trial shall commence no later than seventy days from indictment

20   or the defendant's first appearance in court, whichever is later.  18 U.S.C. § 3161(c)(1)).

21   However, certain delineated periods of delay shall be excluded in computing the time within

22   which the trial must commence.  See 18 U.S.C. § 3161(h) (listing various periods of delay

23   resulting from other proceedings concerning the defendant, such as time attributable to the filing

24   and deciding of pretrial motions, which constitute excludable periods of delay).  The Speedy Trial

25   Act mandates dismissal of the indictment upon defendant's motion if the seventy day limitations

26   period is exceeded.  18 U.S.C. § 3162(a)(2); see also United States v. Morales, 875 F.2d 775, 777

27   (9th Cir. 1989).  The failure of the defendant to move for dismissal prior to trial constitutes a

28   waiver of the right to dismissal under this section.  18 U.S.C. § 3162(a)(2);  see also United States

10

1    v. Medina, 524 F.3d 974, 980 (9th Cir. 2008) ("If the defendant is not brought to trial within the

2    70–day period mandated by the Speedy Trial Act (subtracting all properly excludable periods of

3    delay), then the defendant may move for a dismissal of the indictment.").

4         As noted above, in this case movant has provided no specific factual support for his claim

5    that the delay in bringing his case to trial violated the Speedy Trial Act.  His bare, unsupported

6    assertion that 910 non-excludable days lapsed between the date of his arraignment and trial is

7    insufficient to support this claim for relief.  The undersigned's review of the docket in this action

8    leads to the same conclusion reached by respondent:  that due to excludable time findings, only

9    26 non-excludable days passed between movant's arraignment and his trial.  Accordingly, movant

10   is not entitled to relief on a claim based on the Speedy Trial Act.

11        With respect to his right to a speedy trial under the Sixth Amendment, movant has not

12   demonstrated that his calculation regarding the length of delay in bringing his case to trial is

13   correct or that respondent's calculation is incorrect, that the government was more to blame than

14   the defense for any delay in bringing him to trial, that he asserted his right to a speedy trial before

15   the trial court, or that he suffered any prejudice as the result of delay.  Doggett, 505 U.S. at 651.

16   Movant has also failed to come forward with any evidence that his trial date was continued over

17   the objection of his counsel or any other defense counsel, that any delay in bringing the case to

18   trial was for any improper purpose, or that the prosecution improperly sought to lengthen the

19   proceedings against movant.  Cf. United States v. Marion, 404 U.S. 307, 325 (1971) (it would be

20   improper for the prosecution to intentionally delay in order "to gain some tactical advantage over

21   [defendants] or to harass them"); McNeely, 336 F.3d at 827 ("deliberate attempt to delay

22   proceedings to hamper the defense counts heavily against the government").  There is no

23   evidence before the court supporting any suggestion that the prosecution intentionally or

24   improperly delayed the proceedings against movant in order to seek a tactical advantage over

25   him.  Accordingly, movant has failed to demonstrate that delay in bringing his case to trial

26   violated his right to a speedy trial under the Sixth Amendment.

27        Because movant has failed to show any violation of his statutory or constitutional right to

28   a speedy trial, he has also failed to demonstrate either deficient performance or prejudice on the

11

1   part of his trial counsel in failing to file a motion to dismiss or otherwise raise an objection before

2   the trial court on speedy trial grounds.  Accordingly, movant is not entitled to relief on this aspect

3   of his ineffective assistance of counsel claim.

4                                  **b. Motion to Suppress**

5          Movant's next claim is that his trial counsel rendered ineffective assistance in failing to

6   "properly argue for suppression" because "after the women were removed from Petitioner's car,

7   there was no reason to believe that contraband or evidence regarding alleged prostitution would

8   be found in Petitioner's vehicle."  (ECF No. 250 at 4.)  For the reasons set forth below, this claim

9   lacks merit and should be rejected.

10          The record reflects that movant's trial counsel filed a "Motion to Suppress Evidence" on

11   April 12, 2005.  (ECF No. 60.)  Therein, counsel argued that movant's warrantless arrest was not

12   supported by reasonable suspicion or probable cause, as required by the Fourth Amendment, and

13   that all evidence obtained as a result of that arrest, including two subsequent searches of movant's

14   vehicle and a search of his residence, should be suppressed as the fruit of the poisonous tree.  (Id.)

15   The trial court denied that motion to suppress evidence by order dated June 3, 2005, finding that

16   the police had probable cause to arrest movant on suspicion of pimping and that the initial limited

17   search of his vehicle was justified as "both an inventory search and as a search incident to arrest."

18   (ECF No. 67 at 6.)  The trial court also concluded that the arrest of movant's two passengers

19   pursuant to outstanding warrants for prostitution justified a search of the car incident to those

20   arrests.  (Id. at 6-7.)  The court therefore concluded that the search of movant's car was

21   permissible, even after the two prostitutes had been arrested and removed from the vehicle.  (Id.)

22          Movant has failed to demonstrate either deficient performance by his trial counsel in

23   connection with the motion to suppress evidence brought on movant's behalf or prejudice

24   resulting therefrom.  Defense counsel's arguments in support of the motion to suppress evidence

25   were competent and, in fact, were consistent for the most part with the arguments movant now

26   suggests his counsel should have raised.  Further, movant has failed to show that the result of the

27   proceedings would have been different had his trial counsel argued differently that the police had

28   no lawful cause to search movant's vehicle after the woman were arrested and removed from the

1    car.  The trial judge specifically rejected that argument in denying the motion to suppress

2    evidence, finding that "because not only defendant was arrested but both of his passengers were

3    also arrested for outstanding warrants, their arrests also justified a search of the car that would

4    have uncovered the gun and other evidence."  (<u>Id.</u> at 6-7.)  As noted by respondent, "no amount

5    of additional argument was likely to change that outcome."  (ECF No. 268 at 7.)  Accordingly,

6    movant is also not entitled to relief with respect to this aspect of his ineffective assistance of trial

7    counsel claim.

8                          **c.  Advice Regarding Risks of Going to Trial**

9              In his next ground for relief, movant argues that his trial counsel rendered ineffective

10   assistance in failing to inform him of the "true risks associated with proceeding to trial versus

11   pleading guilty."  (ECF No. 250 at 4.)  Movant states merely that had he been "properly advised,"

12   he would have pled guilty instead of proceeding to trial.  (<u>Id.</u>)  Movant does not elaborate on the

13   nature of the "true risks" of which he claims he was not advised by his lawyer, nor does he

14   explain why knowledge of any such risks would have caused him to plead guilty rather than

15   proceeding to trial.

16             In answering this claim for relief, respondent relies upon the declaration of movant's trial

17   counsel.  (ECF No. 268-2.)  Therein, movant's trial counsel outlines his extensive experience as a

18   criminal defense attorney and declares that he attempted to persuade movant numerous times to

19   accept the government's pre-trial plea offer, which called for movant to receive a 12 year

20   sentence of imprisonment.  (<u>Id.</u>)  Counsel further declares that he hired an expert sentencing

21   consultant to calculate the likely sentence movant was facing if he went to trial and was

22   convicted.  (<u>Id.</u> at 6.)  After learning from this expert that movant could receive up to between 30

23   to 40 years in prison if convicted following a trial, defense counsel had a meeting with movant

24   wherein he discussed the government's plea offer calling for a 12 year sentence, advised movant

25   of his possible sentencing exposure following trial and informed movant that if he did not accept

26   the pending plea offer the government might elect to file a superseding indictment to add even

27   more charges against him.  (<u>Id.</u> at 6-7.)  Trial counsel stated that he also told movant that the

28   evidence against him was "overwhelming" and that counsel believed movant "would be

                                                      13

1  convicted of most if not all of the charges and sentenced extremely harshly." (Id. at 6.)

2  Subsequently, counsel had another meeting with movant at which he again urged movant to

3  accept the government's plea offer. (Id. at 7.) Counsel also declares that he met with movant's

4  mother and asked her to exert her influence to persuade movant to accept that offer. (Id.)

5  Counsel states that movant, nonetheless, adamantly refused to accept the government's plea offer

6  and insisted upon going to trial. (Id. at 6-7.)

7      The Strickland standard applies to claims of ineffective assistance involving counsel's

8  advice during the plea bargain process. Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399, 1404-05

9  (2012); Lafler v. Cooper, ___ U.S. ___, 132 S. Ct. 1376, 1384  (2012); Padilla v. Kentucky, 559

10  U.S. 356 (2009); Hill v. Lockhart, 474 U.S. 52, 57-58 (1985); Nunes v. Mueller, 350 F.3d 1045,

11  1052 (9th Cir. 2003).  However, movant's extremely cursory allegations fail to demonstrate that

12  his trial counsel's performance in advising him whether to accept the government's plea offer was

13  deficient.  Movant's bare allegation that his trial counsel failed to inform him of the "true risks"

14  of proceeding to trial without more, and particularly in the face of his trial counsel's detailed

15  affidavit under oath, is clearly insufficient to support this claim for relief.  In short, movant's

16  conclusory allegations, which are not supported by a statement of specific facts, do not warrant

17  the granting of post-conviction relief.   Jones, 66 F.3d at 204.

18      The undersigned also notes that movant has not attempted to rebut his trial counsel's

19  affidavit in the nearly two years since it was filed with the court in these § 2255 proceedings.

20  Further, self-serving allegations by a habeas petitioner, without more, are not sufficient to

21  establish entitlement to relief.  See e.g., Womack v. Del Papa, 497 F.3d 998, 1004 (9th Cir. 2007)

22  (ineffective assistance of counsel claim rejected where, aside from petitioner's self-serving

23  statement, which was contrary to other evidence in the record, there was no evidence to support

24  his claim); Dows v. Wood, 211 F.3d 480, 486 (9th Cir. 2000) (noting that there was no evidence

25  in the record to support petitioner's ineffective assistance of counsel claim, "other than from

26  Dows's self-serving affidavit"); Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991)

27  (defendant's self-serving statement, under oath, that his trial counsel refused to let him testify

28  insufficient, without more, to support his claim of a denial of his right to testify); Elizey v. United

14

1    States, 210 F.Supp.2d 1046, 1051 (C.D. Ill. 2002) (petitioner's claim that his trial counsel failed

2    to advised him to accept a proffered plea agreement was not sufficiently supported where the only

3    evidence was petitioner's "own self-serving affidavit and record facts contradicted petitioner's

4    affidavit.").

5            The undersigned concludes that movant has failed to establish that the first prong of the

6    Strickland test is met here; to wit, that his trial counsel's performance during the plea bargain

7    process was deficient in any way.  Accordingly, he is not entitled to relief with respect to this

8    aspect of his ineffective assistance of counsel claim.[6]

9                           **2.  Trial Proceedings**

10           Movant also claims that his trial counsel rendered ineffective assistance during his trial.

11   His claim in this regard is stated, in full, as follows:

12   _____

13   [6]  Respondent's counsel has suggested that this court hold a "limited evidentiary hearing on the
     issue of whether or not the defendant was advised of the risks associated with going to trial."

14   (ECF No. 268 at 7.)  Respondent notes that the Ninth Circuit has stated that "a court can abuse its
     discretion by not granting an evidentiary hearing when, accepting the truth of a defendant's

15   factual allegations, the defendant could have prevailed on an ineffective assistance claim." (Id. at
     7-8) (quoting United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994).  In Blaylock,

16   however, the defendant argued on appeal that he had received ineffective assistance when his trial
     counsel failed to inform him that the government had made him a plea offer.  Blaylock, 20 F.3d at

17   1465.  The Ninth Circuit remanded for an evidentiary hearing with respect to the defendant's
     claim, noting that several other circuit courts had held that an attorney's failure to convey a plea

18   offer to his client constituted deficient performance.  In this case, movant does not claim that his
     counsel failed to communicate the government's plea offer to him.  Rather, the substance of

19   movant's claim reflects that he was aware of the plea offer extended to him by the government.
     Accordingly, Blaylock is distinguishable and does not require the holding of an evidentiary

20   hearing.  As noted above, no hearing is required if the movant's allegations, viewed against the
     record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to

21   warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996).
     See also United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); United States v.

22   Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).  Moreover, to warrant a hearing the movant must
     make specific factual allegations which, if true, would entitle him to relief.  Withers, 638 F.3d at

23   1062; McMullen, 98 F.3d at 1159.  It has been recognized that mere conclusory assertions in a §
     2255 motion are insufficient, without more, to require a hearing.  United States v. Johnson, 988

24   F.2d 941, 945 (9th Cir. 1993).  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).
     Movant's bare claim that his counsel provided ineffective assistance by failing to inform him "of

25   the true risks associated with proceeding to trial versus pleading guilty" (ECF No. 250 at 4) is
     exactly that – a mere conclusory assertion.  Movant's own self-serving statement in this regard,

26   with nothing more offered in support or explanation, does not require the holding of a hearing,

27   particularly given the entire record before the court in this case.

28

1
2
3
4
5
6
7

> Petitioner's counsel failed to: (1) challenge the erroneous jury instruction: the court instructions for count 8 were based entirely on use and carry, while the indictment only charged possession, and failed to instruct on possession and/or in furtherance of; (2) challenge the constructive amendment of the indictment; Count 8 charged possession in furtherance of, while the court instructed only on use and carry during and in relation to; (3) properly challenge the sufficiency of the evidence for Count 8: counsel failed to adequately and effectively argue that Count 8 was based entirely on the alleged conduct involving Ms. Vest, who testified that she was never threatened by a weapon and never saw Petitioner with a firearm.

8   (ECF No. 250 at 5.)  As in the case of his ineffective assistance of counsel claims involving the

9   pre-trial proceedings in this case, movant has not supported this claim for relief with any

10  argument, citations to legal authority, or reference to the record.  As such, all aspects of movant's

11  claim that he received ineffective assistance of counsel at trial are subject to dismissal as unduly

12  vague and conclusory.  Shah, 878 F.2d at  1161; Jones, 66 F.3d at 204.  Moreover, for the reasons

13  discussed below, the record before this court does not support movant's claims of ineffective

14  assistance of counsel in connection with his trial.

15  ### a.  Failure to Challenge Jury Instruction

16  The Fourth Superseding Indictment in this case charged movant with a violation of 18

17  U.S.C. § 924(c)(1)(A), "Possession of a Firearm in Furtherance of a Crime of Violence."  (ECF

18  No. 89 at 5.)  In Count Eight of that indictment it was alleged, in pertinent part, that movant "did

19  possess a firearm . . . **in furtherance of a crime of violence**, which may be prosecuted in a court

20  of the United States . . . ." (emphasis added).  (Id. at 5-6.)  In connection with the charge in Count

21  Eight, movant's jury was instructed with then-current Ninth Circuit Model Jury Instruction No.

22  8.65, which provided, in part:  "The Defendant is charged in Count Eight of the Fourth

23  Superseding Indictment with using, carrying, or possessing a firearm **during and in relation to a**

24  **crime of violence** in violation of Section 924(c) of Title 18 of the United States Code." (emphasis

25  added).  (Reporter's Transcript of Jury Trial Proceedings (RT) at 163.)  Movant now claims that

26  his trial counsel rendered ineffective assistance by failing to challenge that jury instruction which,

27  according to movant,  was "based entirely on use and carry, while the indictment only charged

28  possession, and failed to instruct on possession and/or in furtherance of."  (ECF No. 250 at 5.)

16

1    Respondent concedes that in 2009, after movant's trial, the Ninth Circuit found that the

2  version of Jury Instruction No. 8.65 given at movant's trial did not correctly set forth the elements

3  of an offense under 18 U.S.C. § 924(c).  Specifically, in United States v. Thongsy, 577 F.3d 1036,

4  1043 n.5 (9th Cir. 2009), the court concluded:

5           In particular, the instruction does not track the language in § 924(c)
            that makes it unlawful to possess a firearm "in furtherance of" a
6           drug crime.  Instead, the instruction invites error by allowing a
            judge to instruct a jury that the relevant offense involves possessing
7           a firearm "during and in relation to the crime." Model Jury
            Instruction 8.65 thus should be revised to clarify there are two ways
8           to prove an offense under § 924(c):  the defendant either (1) used or
            carried a firearm "during and in relation to" a crime or (2)
9           possessed a firearm "in furtherance of" a crime.

10  Id.  Respondent nonetheless argues that the trial court's error in giving the previous version of

11  the Ninth Circuit's Model Instruction No. 8.65 was harmless.  Respondent argues there was

12  "overwhelming evidence here to show that the defendant possessed his sawed-off shotgun 'in

13  furtherance of' a crime of violence," and there was no evidence suggesting that movant

14  "unknowingly or accidentally possessed the firearm while running his prostitution ring."  (ECF

15  No. 268 at 8.)

16    The undersigned concludes that movant's trial counsel did not render a deficient

17  performance in failing to object to the giving of the model jury instruction as it appeared at the

18  time it was given.  Counsel is not required to anticipate a change in the law.  See Lowry v. Lewis,

19  21 F.3d 344, 346 (9th Cir. 1994) ("[A] lawyer cannot be required to anticipate our decision in this

20  later case, because his conduct must be evaluated for purposes of the performance standard of

21  Strickland "as of the time of counsel's conduct.") (quoting Strickland, 466 U.S. at 690); see also

22  Smith v. McKee, 598 F.3d 374, 384 (7th Cir. 2010) (concluding that a lawyer's failure to object

23  to the use of an applicable pattern jury instruction does not amount to objectively unreasonable

24  assistance of counsel under Strickland); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th

25  Cir.1994) ("We have held many times that reasonably effective representation cannot and does

26  not include a requirement to make arguments based on predictions of how the law may

27  develop."); Funchess v. Wainwright, 772 F.2d 683, 691 (11th Cir.1985) ("The failure of counsel

28  to anticipate that an otherwise valid jury instruction would later be deemed improper . . . does not

17

1    constitute ineffective assistance of counsel."); United States v. Cooper, Crim. No. 04-20105-01-

2    CM, 2013 WL 3895266, at *2 (D. Kan. July 29, 2013) ("Because the challenged portions of the

3    court's instructions mirrored the applicable pattern jury instructions, counsel did not act in an

4    objectively unreasonable manner by not objecting to them."); McGirt v. Hendrickson, No. 8:03-

5    CV-2272-T30-MAP, 2007 WL 1841211, at *4 (M.D. Fla. Mar. 29, 2007) ("A defendant may not

6    claim that counsel was ineffective for failing to anticipate a change in the law before it is

7    announced").

8        Moreover, even assuming arguendo that movant's trial counsel rendered ineffective

9    assistance in failing to object to the giving of Ninth Circuit Model Jury Instruction No. 8.56 as it

10   existed at the time of trial, movant has failed to demonstrate that he suffered any prejudice as a

11   result.  Here, there is no evidence the trial court would have sustained an objection to the giving

12   of this instruction, which had not been criticized or invalidated at the time of movant's trial.

13   Movant has also failed to counter in any way the extensive evidence presented at trial in this case

14   that he possessed a firearm in furtherance of running his prostitution ring, as charged in the

15   indictment.  Indeed, in its opinion affirming movant's judgment of conviction on appeal, the

16   Ninth Circuit noted that:

17           A rational juror could also find beyond a reasonable doubt that
             Moss possessed a firearm in furtherance of count 3, 6, or 7 as
18           charged in count 8.  There was evidence that he had a sawed off
             shotgun between July 13, 2005 and July 25, 2005, the relevant time
19           period, on a recruiting and prostituting trip to Sacramento,
             Stockton, and Oakland with Brooks, V.V., and new recruits; and
20           that he used the gun to scare and threaten his prostitutes, V.V.
             among them.  Thus, count 3 suffices as a predicate for conviction
21           on count 8.

22   (ECF No. 243 at 4.)  Under these circumstances, movant has failed to show that the result of the

23   proceedings would have been different had his trial counsel objected to the giving of Ninth

24   Circuit Model Jury Instruction No. 8.56 as it existed at the time of trial.  See Thongsy, 577 F.3d at

25   1042-44 (holding that 924(c) jury instruction error was harmless); United States v. Nobari, 574

26   F.3d 1065, 1080 (9th Cir.2009) (holding conflating two statutory clauses of § 924(c) in jury

27   instructions "did not 'seriously affect[ ] the fairness, integrity or public reputation of' the trial.").

28   /////

18

1    Because movant has not demonstrated deficient performance or prejudice, he is not

2    entitled to relief on this aspect of his claim of ineffective assistance of trial counsel.

3    **b.  Failure to Challenge Constructive Amendment of the Indictment**

4    In his next claim for relief, movant argues that his trial counsel rendered ineffective

5    assistance in failing to challenge the "constructive amendment" of Count 8 of the indictment.

6    (ECF No. 250 at 5.)  In support of this claim for relief, movant alleges that "Count 8 charged

7    possession in furtherance of, while the court instructed only on use and carry during and in

8    relation to."  (Id.)

9    Movant was charged in Count 8 of the Fourth Superseding Indictment with a violation of

10   18 U.S.C. § 924(c)(1)(A), which provides as follows:

> Except to the extent that a greater minimum sentence is otherwise
> provided by this subsection or by any other provision of law, any
> person who, **during and in relation to** any crime of violence or
> drug trafficking crime (including a crime of violence or drug
> trafficking crime that provides for an enhanced punishment if
> committed by the use of a deadly or dangerous weapon or device)
> for which the person may be prosecuted in a court of the United
> States, uses or carries a firearm, or who, **in furtherance of** any such
> crime, possesses a firearm, shall, in addition to the punishment
> provided for such crime of violence or drug trafficking crime--

17   18 U.S.C. § 924(c)(1)(A) (emphasis added.)  As noted above, the indictment charged that movant

18   possessed a firearm "in furtherance of" a crime of violence," but the jury was instructed that

19   movant had been charged in Count 8 with possessing a firearm "during and in relation to a crime

20   of violence."  (ECF No. 89 at 5-6, RT at 163.)  Movant appears to be suggesting that this variance

21   in the language of the indictment and that of the jury instruction constituted a constructive

22   amendment of the charge set out in Count 8.

23   "A defendant in a felony trial can only be convicted of charges upon which a grand jury

24   has returned an indictment."  United States v. Arreola, 467 F.3d 1153, 1162 (9th Cir. 2006).  An

25   indictment is constructively amended where "the evidence presented at trial, together with the

26   jury instructions, raises the possibility that the defendant was convicted of an offense other than

27   that charged in the indictment."  United States v. Streit, 962 F.2d 894, 899-900 (9th Cir. 1992).

28   The Ninth Circuit has described the "during and in relation to" and "in furtherance of" clauses of

§ 924(c) as "difficult to distinguish conceptually," in part because similar proof is required for each clause. Arreola, 467 F.3d at 1160. Because of this, the court in Arreola held that § 924(c) defines just one offense, and not two. Id. at 1161. Relying on the holding in Arreola, the Ninth Circuit has also held that a district court's error in confusing the language of the two clauses of §924(c) in its jury instructions does not violate the defendant's right to due process. Nobari 574 F.3d at 1080-81.

As respondent points out, the indictment in this case, the original judgment, the amended judgment, and the verdict form all specify that movant was convicted in Count 8 of possession of a firearm "in furtherance" of a crime of violence. (ECF Nos. 89, 149, 188, 249.) Under these circumstances, and in light of the Ninth Circuit decisions cited above, the undersigned concludes that the fact that the jury instruction given at movant's trial included the language "during and in relation to" a crime of violence, instead of the language "in furtherance" of a crime of violence, does not constitute a constructive amendment of the indictment in this case. See Arreola, 467 F.3d at 1162 (holding that where the verdict form erroneously permitted conviction for "possession" of a firearm during and in relation to a drug crime but jury instruction correctly defined the offense, the verdict form did not constructively amend the indictment); see also Nobari 574 F.3d at 1080 n.2 (even where jury instructions erroneously conflated the two clauses of § 924(c), there was no reversible error because the judgments and verdict forms reflected that the defendants had been convicted of the same prong of § 924(c) charged in the indictment). Cf. United States v. Castano, 543 F.3d 826 (6th Cir. 2008) and United States v. Combs, 369 F.3d 925 (6th Cir. 2004), (convictions reversed where incorrect jury instructions on § 924(c) charge were given and the judgments indicated that the jury had convicted under a different prong of § 924(c) than the one charged in the indictment). Here, it is clear from the trial record that movant was convicted of the same offense that was charged in Count 8 of the indictment brought against him.

Because movant has failed to show that a constructive amendment of the indictment occurred in this case, he has also failed to demonstrate either deficient performance on the part of his trial counsel in failing to raise an objection at trial on this ground or any prejudice resulting

/////

1   therefrom.  Accordingly, movant is not entitled to relief on this aspect of his ineffective assistance

2   of trial counsel claim.

3          **c.  Failure to Challenge Sufficiency of the Evidence to Support Count
             Eight**

4

5          In his next claim for relief, movant argues that his trial counsel rendered ineffective

6   assistance in failing to "properly challenge the sufficiency of the evidence for Count 8."  (ECF

7   No. 250 at 5.)  Movant argues that his trial counsel "failed to adequately and effectively argue

8   that Count 8 was based entirely on the alleged conduct involving Ms. Vest, who testified that she

9   was never threatened by a weapon and never saw Petitioner with a firearm."  (Id.)

10         The record reflects that at the conclusion of the government's case in chief, movant's trial

11  counsel made an oral motion for a judgment of acquittal pursuant to Federal Rule of Criminal

12  Procedure 29.  (ECF No. 268-9.)  The defense argued at that time that there had been introduced

13  "no evidence whatsoever" that the shotgun found in movant's possessions played a role in the

14  charged crimes.  (Id. at 3.)  Trial counsel for movant argued:

15              Your Honor, I think that there is insufficient evidence in this
                particular case regarding the issue of Count 8.  Mr. Moss is charged
16              with possession of a shotgun in furtherance of a crime, violence in
                support of Count Three.
17
                Not, this is – Count Three is the bus ride of "Creamy" to Vegas.
18              And there is no evidence whatsoever that the shotgun played any
                roll [sic] in any – in any fashion.  The evidence – the best case
19              scenario for the people is the telephone calls.  And they may be
                threatening phone calls, but there is no evidence that the shotgun
20              played any role whatsoever.  And "Creamy", Violet Vest gets on
                the bus and goes to Las Vegas.  See, I think the evidence is
21              insufficient to support that portion of the allegation."

22  (Id.)

23         The Assistant United States Attorney responded to this Rule 29 argument as follows:

24              The criminal sexual activity was the prostitution.  The testimony
                was clear that the weapon was used both in California as Mr. Moss
25              travelled.  He also kept it in Las Vegas and showed it to, among
                other people, Vinnie Brooks.  The testimony was also clear that Mr.
26              Moss had Vinnie Brooks call and talk to Miss Vest to encourage
                Miss Vest to take the trip that she ultimately took on July 2nd
27              because Mr. Moss persuaded Miss Brooks that she had to tell

28

1

2

"Creamy" that the conditions were good in Las Vegas, that Mr. Moss treated them correctly.

3

The fact is that Ms. Brooks made that telephone call and made those statements under duress partly as a result of the firearms that Mr. Moss used and displayed.

4

5  (Id. at 5-6.)  Movant's counsel then argued that there was no evidence "that the shotgun played

6  any role even under the People's best scenario is that phone call that brought her there."  (Id. at

7  6.)  The trial judge denied movant's Rule 29 motion.  (Id.)

8      Movant has failed to demonstrate that his trial counsel's challenge to the sufficiency of the

9  evidence with respect to Count 8 of the indictment was deficient in any way, or that the result of

10  the proceedings would have been different if his counsel had specifically argued that Ms. Vest

11  "testified that she was never threatened by a weapon and never saw Petitioner with a firearm."

12  (ECF No. 250 at 5.)  The transcript of the trial proceedings, as set forth above, reflects that

13  movant's trial counsel argued the evidence introduced in the prosecution's case in chief was

14  insufficient to support the charge set out in Count 8 and appropriately supported that argument

15  with reference to the trial record.  There has been no showing suggesting that the trial court would

16  have granted movant's motion for judgment of acquittal on Count 8 if his trial counsel had

17  pointed out that Ms. Vest had testified she was never threatened with a weapon and did not see

18  movant with a firearm.  As noted above, the Ninth Circuit also concluded on appeal that there was

19  sufficient evidence introduced by the prosecution at trial to support movant's conviction on Count

20  8.  (ECF No. 243 at 4.)

21      Movant has failed to establish either deficient performance or prejudice with respect to

22  this aspect of his claim of ineffective assistance of trial counsel.  Accordingly, he is not entitled to

23  post-conviction relief.

24          **3. Sentencing**

25      Movant also claims that his trial counsel rendered ineffective assistance during the

26  sentencing proceedings.  His claim in this regard is stated, in full, as follows:

27

Petitioner's counsel failed to: (1) argue that the additional enhancement under 5K2.0 constituted impermissible double counting since that same conduct (i.e., force and sexual abuse) had

28

22

1

2
already been employed in applying 2A3.1; (2) argue that the
upward departure and/or variance violated Petitioner's Due Process
right to notice, and to be sentenced on the basis of accurate
information and facts; (3) failed to argue that the sentences for
Count 8 should be based on the indictment, i.e., possession instead
of use.

3

4

5
(ECF No. 250 at 7.)   As in the case of movant's claims of ineffective assistance of counsel in

6
connection with his pre-trial and trial proceedings, movant has not supported this aspect of his

7
ineffective assistance of counsel claim with any argument, citations to legal authority, or

8
reference to the trial record.  As such, the claim is also subject to dismissal as unduly vague and

9
conclusory.  Lee, 117 F.3d at 1426; Shah, 878 F.2d at 1161; Jones, 66 F.3d at 204.  Moreover, as

10
discussed below, the record before the court does not support movant's claims of ineffective

11
assistance of counsel in connection with his sentencing.

12
### a.  Failure to make a "double counting" argument

13
As noted, movant argues that his trial counsel rendered ineffective assistance in failing to

14
argue at sentencing that "the additional enhancement under 5K2.0 constituted impermissible

15
double counting since that same conduct (i.e., force and sexual abuse) had already been employed

16
in applying 2A3.1."  (ECF No. 250 at 7.)[7]

17
The record reflects that movant's trial counsel filed a sentencing brief in which he made

18
the following arguments:

19

20

21

22
The Governments [sic] recommendation is far beyond the
Presentence Investigation Report recommendation that the Court
sentence Mr. Moss to 360 months plus 120 months (40 years) in
prison.  It [sic] order to achieve this sentence, the Presentence
Report recommends, among other things, a 5-level upward
departure.  As will be more fully argued below, the guidelines
sufficiently take into account Mr. Moss's offense conduct, relevant

23

24

25

26

27

28
_____

[7]  "Impermissible double counting occurs . . . when one part of the [United States Sentencing] Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  United States v. Martin, 278 F.3d 988, 1004 (9th Cir. 2002) (quoting United States v. Alexander, 48 F.3d 1477, 1492 (9th Cir. 1995)).  United States Sentencing Guidelines (USSG) § 5K2.0 describes the grounds for upward and downward departures from the applicable sentencing guideline range in criminal cases, including child crimes and sexual offenses.  USSG § 2A3.1, referred to by movant in this claim, is the applicable sentencing guideline for cases involving criminal sexual abuse and attempt to commit criminal sexual abuse.

conduct and criminal history.  The upward departure is neither warranted nor supported by the evidence.

All of the evidence presented, including the relevant conduct, was and is taken into account by the guidelines and upward adjustments – such as the 4-level increase found in §2G1.1(b)(1) [use of physical force, fraud or coercion.]

While the relevant conduct may be grounds for sentencing in the middle or top of the guidelines, it does not support the upward departure.

* * *

Further, the guidelines do take into account all relevant conduct surrounding the crimes for which Mr. Moss was convicted.  Any additional "victims" may justify using the middle or high end of the guidelines range but do not justify such an extreme upward departure that leads to a life term.

* * *

Using the same "victims" and the same course of conduct, the Government recommends and [sic] additional 2 level increase under § 5K2.21.  While it is true that additional crimes could have been charged involving these adults, the jury did not make any finding regarding these women.  Again, any additional "victims" may justify using the middle or high end of the guidelines range but do not justify such an extreme upward departure that leads to a life term.

(ECF No. 170 at 4-5, 8.)

Thus, the record reflects that movant's trial counsel did, in fact, advance the argument movant now suggests should have been made on his behalf:  that the trial court should not rely upon the same conduct twice in order to increase his sentence.  Accordingly, movant's claim that trial counsel rendered ineffective assistance in failing to raise this argument appears to lack a factual basis.

In addition, movant has failed to demonstrate, or even to allege, that the trial court engaged in double counting in imposing sentence.  In this regard, the Ninth Circuit upheld the sentence imposed upon movant, commenting as follows:

Moss contends that application of the cross-reference to U.S.S.G. § 2A3.1 should have been based on clear and convincing evidence, as the government acknowledged in the district court.  The district court explicitly found most of the core facts underlying the cross-reference by clear and convincing evidence; to the extent it did not

1        so characterize all of the findings, the court's view of the strength
         of the evidence is clear from the sentencing proceeding as a whole.
2        We see no prejudicial error.

3        Finally,   Moss   challenges   his   sentence   as   substantively
         unreasonable.  He faults the court for basing its determination on
4        unreliable or untrue facts, but trial testimony, credited by the jury,
         showed that, among other things, Moss beat all seven women
5        frequently and gratuitously, beat Brooks into unconsciousness, and
         made sexual demands that were humiliating and constant.   The
6        district court arrived at a sentence that it believed appropriate after
         careful consideration of Moss's conduct and criminal history, the
7        Guidelines, and 28 U.S.C. § 3553(a).  We conclude the sentence
         was reasonable.

8

9   (ECF No. 243 at 6.)

10          Under the circumstances presented here, movant has failed to demonstrate that his trial

11  counsel rendered ineffective assistance in failing to object to "double counting" in the imposition

12  of his sentence, or that he suffered prejudice from his trial counsel's alleged failure to make such

13  an argument.  Accordingly, he is not entitled to relief on this aspect of his ineffective assistance of

14  trial counsel claim.

15                    **b.  Failure to Argue that the Upward Departure and/or Variance
                              violated Movant's Due Process Rights**
16

17          In his next claim for relief, movant argues that his counsel failed to argue at the time of

18  sentencing that the trial court's "upward departure and/or variance" violated movant's right to

19  "notice" and that he should be sentenced "on the basis of accurate information and facts."  (ECF

20  No. 250 at 7.)

21          As respondent points out, there were two sentencing hearings in movant's case.  (ECF

22  Nos. 170, 184.)  At the first such hearing on September 29, 2006, the trial court requested further

23  briefing from the parties "re upward departure & possibly 'understated' criminal history category

24  & 'uncharged conduct' issue."  (ECF No. 170; Reporter's Transcript of Sentencing on Appeal

25  (September 29, 2006) ("RTS 9/29/06"), at 19.)  At that time the trial judge specifically informed

26  the parties that "out of a sense of caution, I don't want to sentence the defendant without all the

27  parties being fully aware of what is possible in the case. . . ."  (RTS 9/29/06 at 19.)  It was at the

28
                                              25

1    sentencing hearing held on February 9, 2007 that, after receiving briefing and hearing argument

2    from counsel on this issue, the trial court departed upward in sentencing movant.  (Reporter's

3    Transcript of Sentencing on Appeal (February 9, 2007) (RTS 2/9/07)).[8]  Accordingly, the record

4    establishes that movant and his counsel received advanced notice that the trial court was

5    considering an upward departure from the sentencing guideline range in imposing sentence upon

6    movant.

7         At the sentencing hearing on February 9, 2007, the sentencing judge found that the facts

8    supporting an upward departure in this case were established by "heightened clear and convincing

9    standard of proof" and that there were "aggravating circumstances of a degree not adequately

10   taken into consideration by the Sentencing Commission."  (RTS 2/9/07 at 16.)  The sentencing

11   judge therefore imposed a single five-level upward departure based on sentencing guidelines §§

12   5K2.8 (extreme conduct) and 5K2.21 (uncharged conduct).  (Id.)  As noted above, movant

13   challenged the upward departure as well as other aspects of his sentence on appeal.  Nonetheless,

14   the Ninth Circuit concluded that the sentence was appropriate and lawfully imposed.  The

15   appellate court specifically rejected movant's argument that his sentence was based on

16   consideration of any inaccurate or unreliable facts.

17        Under the circumstances presented here, movant has failed to demonstrate that his

18   sentence was imposed in violation of his "right to notice" or was otherwise based on inaccurate

19   information.  Accordingly, he cannot demonstrate either deficient performance on the part of his

20   trial counsel in failing to raise an objection to his sentence on these grounds or any prejudice

21   resulting therefrom.  As such, he is not entitled to relief.

22                 **c. Failure to Argue that Movant's Sentence for Count 8 should be
                       Based on the Indictment**

23

24        In his next ground for relief, movant claims that his trial counsel rendered ineffective

25   assistance in failing to argue that "the sentence for Count 8 should be based on the indictment, i.e.

26

27   _____

     [8]  Although the minutes reflect a sentencing date of February 13, 2007 (ECF No. 184), it appears
     from all other docket entries that movant's judgment and sentencing hearing in fact took place on
28   February 9, 2007.  (See ECF Nos. 182, 183, 185 & 188.)

                                                    26

1    possession instead of use."  (ECF No. 250 at 7.)

2           As noted above, the jury verdict finding movant guilty on Count 8 was consistent with the

3    allegations of the operative indictment.  The Ninth Circuit found on appeal that movant's

4    conviction and sentence was supported by sufficient competent evidence.  Under these

5    circumstances, the failure of trial counsel to argue that movant's sentence should be "based on the

6    indictment" did not constitute deficient performance, nor did it result in prejudice to movant.

7    Accordingly, movant is also not entitled to relief on this claim.

8                                        **4.  Appeal**

9           Movant also claims that his appellate counsel rendered ineffective assistance.  His claim

10   in this regard is stated, in full, as follows:

> Petitioner's counsel failed to:  (1) properly challenge the denial of
> Petitioner's motion to suppress: failed to argue that the warrantless
> search was not justified once the women (contraband and
> evidence), who were the basis of the alleged probable cause, were
> removed from the vehicle; (2) challenge the erroneous jury
> instructions for Count 8; (3) challenge the constructive amendment
> of the indictment as to Count 8 that occurred; (4) properly argue the
> sufficiency of the evidence for Count 8; (5) the impermissible
> double counting that occurred during sentencing; (6) the violation
> of Petitioner's statutory right to a speedy trial; (7) the violation of
> Petitioner's constitutional right to a speedy trial; (8) that the 10-year
> mandatory minimum sentence for Count 8 was erroneous since
> Petitioner was not charged with or convicted of use.

18   (ECF No. 250 at 8.)

19          The Strickland standards apply to appellate counsel as well as trial counsel.  Smith v.

20   Murray, 477 U.S. 527, 535-36 (1986); Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir. 1989).

21   However, an indigent defendant "does not have a constitutional right to compel appointed counsel

22   to press nonfrivolous points requested by the client, if counsel, as a matter of professional

23   judgment, decides not to present those points."  Jones v. Barnes, 463 U.S. 745, 751 (1983).

24   Counsel "must be allowed to decide what issues are to be pressed."  Id.  Otherwise, the ability of

25   counsel to present the client's case in accord with counsel's professional evaluation would be

26   "seriously undermined."  Id.  See also Smith v. Stewart, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998)

27   (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even

28   particularly good appellate advocacy.")  There is, of course, no obligation to raise meritless

1   arguments on a client's behalf.  See Strickland, 466 U.S. at 687-88 (requiring a showing of

2   deficient performance as well as prejudice).  Thus, appellate counsel is not deficient for failing to

3   raise a weak issue.  See Miller, 882 F.2d at 1434.  In order to establish prejudice in this context,

4   petitioner must demonstrate that, but for appellate counsel's errors, he probably would have

5   prevailed on appeal.  Id. at 1434 n.9.

6       Movant's claim that his appellate counsel rendered ineffective assistance in failing to

7   challenge the trial court's denial of the motion to suppress evidence is conclusory, vague, and

8   unsupported by any factual assertions.  Movant has failed to explain how, or to demonstrate that,

9   appellate counsel would have prevailed on any such claim on appeal.  Accordingly, movant's

10  claim of ineffective assistance of appellate counsel should be rejected on that basis alone.  Jones,

11  66 F.3d at 204; James, 24 F.3d at 26.

12      To the extent petitioner now claims that his appellate counsel rendered ineffective

13  assistance by failing to properly argue the sufficiency of the evidence with respect to his

14  conviction on Count 8 and the impermissible "double counting" of his conduct in sentencing, his

15  claims are belied by the record.  On appeal, movant's counsel did, in fact, argue that the evidence

16  introduced at trial was insufficient to support movant's conviction on Count 8 and that the trial

17  court had impermissibly relied on the same conduct twice in departing upward from the

18  guidelines in imposing sentence.  (ECF No. 243 at 4.)  Accordingly, movant's claim that his

19  appellate counsel rendered ineffective assistance in failing to raise these two claims on appeal

20  lacks a factual basis and should also be rejected on that basis.

21      The undersigned has already concluded that movant's claims that that the trial court

22  violated his constitutional and statutory rights to a speedy trial and that the jury verdict

23  constituted a constructive amendment to the indictment, lack merit.  Of course, the failure of an

24  attorney to raise a meritless claim is not prejudicial.  See Jones v. Ryan, 691 F.3d 1093, 1101 (9th

25  Cir. 2012).  Movant has also failed to establish that his appellate counsel rendered ineffective

26  assistance in failing to challenge a jury instruction that was the Ninth Circuit model instruction at

27  the time was given at movant's trial.  Accordingly, movant has also failed to establish prejudice

28  with respect to these claims.

1       Finally, movant has failed to demonstrate that his appellate counsel would have prevailed

2 had he argued on appeal that "the 10-year mandatory minimum sentence for Count 8 was

3 erroneous since Petitioner was not charged with or convicted of use."  Appellate counsel's

4 decision not to include this argument in movant's direct appeal, but to instead focus on arguments

5 that counsel believed were more meritorious, was certainly "within the range of competence

6 demanded of attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 (1970).

7 See also Jones, 463 U.S. at 751–54 (an experienced attorney knows the importance of

8 "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at

9 most on a few key issues").

10       In sum, movant has failed to demonstrate that his appellate counsel rendered ineffective

11 assistance in failing to raise the above-listed arguments on appeal nor has he established any

12 prejudice flowing therefrom.  Accordingly, movant is not entitled to relief on his claim that his

13 appellate counsel provided him ineffective assistance.

14 **V. Motion for Leave to Amend**

15       On July 26, 2013, movant filed a motion for leave to amend his § 2255 motion to add a

16 claim to his motion in order to also seek relief based on the decision in Alleyne v. United States,

17 ___U.S.___, 133 S. Ct. 2151 (2013).  In Alleyne, the United States Supreme Court held that any

18 fact that increases the mandatory minimum sentence for a crime is an element of the offense that

19 must be submitted to the jury and found beyond a reasonable doubt.  Based on the holding in

20 Alleyne, movant argues that the sentencing court violated his Sixth Amendment right to a jury

21 trial when it "increased his maximum guideline sentence from 183 to 480 months based on

22 uncharged crimes not proven to a jury beyond a reasonable doubt."  (ECF No. 280 at 3.)  Movant

23 further argues that he "wishes to resurrect his Sixth Amendment challenges to his unconstitutional

24 sentencing enhancements that had been foreclosed and unavailable to Petitioner, by then

25 controlling precedent."  (Id. at 2.)

26       On October 25, 2013, after an order to show cause was issued by this court, respondent

27 filed an opposition to movant's motion to amend.  (ECF No. 286.)  Movant filed a reply on

28 /////

1    August 22, 2014.  (ECF No. 290.)  Having considered all of the arguments of the parties, the

2    undersigned will deny movant's request to amend his § 2255 motion.

3           The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil

4    Procedure.  See Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000); see also United States v.

5    Thomas, 221 F.3d 430, 436 (3d Cir. 2000).  Under Federal Rule of Civil Procedure 15(a), one

6    seeking collateral relief may amend his pleadings once as a matter of course before a responsive

7    pleading is served and may seek leave of court to amend his pleading at any time during the

8    proceeding.  See Mayle v. Felix, 545 U.S. 644, 654 (2005); see also In re Morris, 363 F.3d 891,

9    893 (9th Cir. 2004) (Rule 15(a) applies to habeas actions with the same force that it applies to

10   other civil cases).  Although leave of court to amend should be given freely, a court may deny a

11   motion to amend if the motion is made in bad faith, there would be prejudice to the opposing

12   party, the amendment would be futile or would delay resolution of the action, or if the party acted

13   in a dilatory fashion in seeking leave to amend.  Foman v. Davis, 371 U.S. 178, 182 (1962).

14          The court first notes that movant has failed to explain how or whether the holding in

15   Alleyne, which was directed to increases in the statutory maximum or mandatory minimum

16   sentence for a crime, impacts the sentence he received in this case.  In this regard, the decision in

17   Alleyne does not apply to sentencing enhancements or upward departures from sentencing

18   guideline ranges.  (See ECF No. 286 at 2.)  In addition, the Alleyne decision does not appear to

19   provide movant with a basis for relief because it is not retroactively applicable to cases on

20   collateral review.  The Ninth Circuit, as well as every other Circuit court to have considered this

21   issue, has concluded that Alleyne does not apply retroactively to cases that became final before

22   that decision was announced.  See Hughes v. United States, 770 F.3d 814, 818-19 (9th Cir. 2014);

23   In re Mazzio, 756 F.3d 487, 491 (9th Cir. 2014); see also United States v. Reyes, 755 F.3d 210,

24   212 (3d Cir. 2014); In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013); United States v. Redd, 735

25   F.3d 88, 91–92 (2d Cir. 2013); In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013); Simpson v.

26   United States, 721 F.3d 875, 876 (7th Cir. 2013); Chester v. Warden, No. 12-15119, 552 Fed.

27   Appx. 887, 891 (11th Cir. 2014); United States v. Stewart, 540 Fed. Appx. 171, 2013 WL

28   5397401, at * 1 n.1 (4th Cir. Sept.27, 2013); Broussard v. United States, No. 1:03-CR-05054,

1  2014 WL 3530003, at *4 (E.D. Cal. July 15, 2014) (noting that district courts in the Ninth Circuit

2  have "uniformly" concluded that the decision in Alleyne is not retroactive, and citing cases);

3  Jackson v. United States, Nos. 5:11-CR-00231-F-1, 5:13-CV-00284-F, 2014 WL 4060270, at *4

4  (E.D.N.C. Aug. 14, 2014) (motion to amend §2255 motion to add claim based on Alleyne denied

5  because Alleyne not retroactive to cases on collateral review).

6      Here, movant's conviction became final on November 1, 2010, when his petition for

7  certiorari was denied.  See Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987) (a case is final

8  when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the

9  time for a petition for certiorari elapsed or a petition for certiorari finally denied").  Allowing

10  amendment of movant's § 2255 motion to add a claim for relief based on the 2013 decision in

11  Alleyne would therefore be futile because Alleyne does not apply retroactively on collateral

12  review to convictions that became final before that case was decided in any event.

13      Moreover, even if the Alleyne decision was retroactive to cases on collateral review,

14  movant's motion to amend is untimely.  Title 28 U.S.C. § 2255(f) establishes a one year

15  limitations period for motions filed under § 2255.  In relevant part, the one-year limitations period

16  runs from "the date on which the judgment of conviction becomes final," (§ 2255(f)(1)), or "the

17  date on which the right asserted was initially recognized by the Supreme Court, if that right has

18  been newly recognized by the Supreme Court and made retroactively applicable to cases on

19  collateral review." 28 U.S.C. § 2255(f)(3).  Section 2255(f)(3) is not applicable in this case

20  because the United States Supreme Court did not explicitly make the decision in Alleyne

21  retroactively applicable to cases on collateral review.  Dodd v. United States, 545 U.S. 353, 357-

22  58 (2005).  Accordingly, the statute of limitations for movant to seek relief under § 2255 with

23  respect to this claim began to run on the date on which movant's judgment of conviction became

24  final and expired on November 1, 2011.

25      Nor would any claim based on the Alleyne decision relate back to movant's timely filed §

26  2255 motion.  See Mayle, 545 U.S. at 664, 650 (claims raised in an amended habeas corpus

27  petition filed after expiration of the limitations period relate back to claims raised in a timely

28  petition only if the claims "are tied to a common core of operative facts" and are not different in

1   "time and type" from those set forth in the original pleading).  Movant's argument that the

2   sentencing judge violated his rights under the Sixth Amendment when he "increased his

3   maximum guideline sentence" is a completely different claim from the ineffective assistance of

4   counsel claims contained in movant's original §2255 motion.

5          For all of the foregoing reasons, the court will deny movant's motion to amend his § 2255

6   motion to add an untimely claim for relief based on the Supreme Court's decision in Alleyne.

7   **VI.  Motion for Default Judgment/Motion to Dismiss**

8          On October 21, 2013, movant filed a document entitled "motion for default judgment."

9   Therein, movant requests that this court grant his motion for leave to amend his § 2255 motion

10  because of respondent's failure to file a timely response to his motion to amend.  (ECF No. 284.)

11  On August 22, 2014, movant filed a "motion to dismiss" respondent's untimely opposition to

12  movant's motion to amend or, in the alternative, "Request for Leave to file an Untimely Reply."

13  (ECF No. 290.)  Therein movant requests, in essence, the court to strike respondent's opposition

14  to his motion to amend because it was not timely filed.  He also requests that the court consider

15  his attached reply to respondent's opposition.

16         Although respondent's opposition to movant's motion to amend was filed in an untimely

17  manner, and after the court had issued an order to show cause, the court has considered both

18  respondent's opposition and movant's reply in addressing the motion to amend.  Accordingly,

19  movant's motion for "default judgment" and his motion to "dismiss" respondent's opposition will

20  be denied.  Movant's request that this court consider his late-filed reply to respondent's

21  opposition will be granted.

22  **VII.  Conclusion**

23         For all of the reasons set forth above, IT IS HEREBY ORDERED that:

24         1.  Movant's July 26, 2013 motion for leave to file an amended claim (ECF No. 280) is

25  denied;

26         2.  Movant's October 21, 2013 motion for default judgment (ECF No. 284) is denied;

27         3.  Movant's August 22, 2014 motion to dismiss respondent's opposition to movant's

28  motion to amend (ECF No. 290) is denied;

1    4.  Movant's August 22, 2014 request that the court consider his late-filed reply to

2    respondent's opposition to movant's motion to amend (ECF No. 290) is granted; and

3    5.  The order to show cause issued on October 17, 2013 (ECF No. 286) is discharged.

4    IT IS HEREBY RECOMMENDED that movant's motion pursuant to 28 U.S.C. § 2255

5    be denied.

6    These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11   shall be served and filed within fourteen days after service of the objections.  Failure to file

12   objections within the specified time may waive the right to appeal the District Court's order.

13   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

14   1991).  In her objections movant may address whether a certificate of appealability should issue

15   in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing

16   Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

17   enters a final order adverse to the applicant).

18   Dated:  January 16, 2015

19

20   _____

21   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

22   DAD:8
     Moss550.2255

23

24

25

26

27

28

33