UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>WILL MOSS, Jr.,<br><br>Respondent. | No.  2:03-cr-0550 WBS DAD P<br><br><br><br>ORDER APPOINTING COUNSEL AND<br><br>SETTING STATUS CONFERENCE |

Movant is a federal prisoner proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant challenges his conviction on four counts of sex trafficking of children or by force, fraud or coercion in violation of 18 U.S.C. § 1591(a)(1); one count of coercion and enticement for prostitution in violation of 18 U.S.C. § 2422(a); two counts of interstate transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a); one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); three counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).  Movant claims that both his trial and appellate counsel rendered ineffective assistance.

On January 20, 2015, the undersigned issued findings and recommendations which recommended that movant's § 2255 motion be denied.  On March 16, 2016, movant filed

1

extensive objections to those findings and recommendations. After reviewing movant's objections, and for the reasons set forth below, this court has concluded that an evidentiary hearing is required on movant's claim that his trial counsel rendered ineffective assistance during the plea bargain process. The January 20, 2015 findings and recommendations will be vacated and new findings and recommendations on movant's §2255 motion will be issued after the evidentiary hearing has been completed. By this order, the court will also appoint counsel for movant for the limited purpose of conducting the evidentiary hearing.

Movant has also filed a motion requesting the appointment of counsel and an application to proceed in forma pauperis. Because this order appoints counsel for movant, his motion for the appointment of counsel will be denied as moot. Movant's motion to proceed in forma pauperis, which has apparently been filed solely in order to demonstrate movant's lack of funds to retain counsel, will be denied as unnecessary.

**I. Need for Evidentiary Hearing**

**A. Background**

One of the claims raised by movant in his § 2255 motion is that his trial counsel rendered ineffective assistance in failing to inform him of the "true risks associated with proceeding to trial versus pleading guilty." (ECF No. 250 at 4.) In his § 2255 motion, movant merely states that had he been "properly advised," he would have pled guilty instead of proceeding to trial. (Id.) The motion does not elaborate on the nature of the "true risks" of which movant claims he was not advised by his lawyer, nor does it explain why knowledge of any such risks would have caused movant to plead guilty rather than proceeding to trial.

In his answer to this claim for relief, respondent relied upon the declaration of movant's trial counsel. (ECF No. 268-2.) Therein, trial counsel outlines his extensive experience as a criminal defense attorney and declares that he attempted to persuade movant numerous times to accept the government's pre-trial plea offer, which called for movant to receive a 12 year sentence of imprisonment. (Id.) Counsel further declares that he hired an expert sentencing consultant to calculate the likely sentence movant was facing if he went to trial and was convicted. (Id. at 6.) After learning from this expert that movant could receive a sentence of

between 30 to 40 years in prison if he was convicted following a trial, defense counsel held a meeting with movant during which he: (1) discussed the government's plea offer calling for a 12 year sentence; (2) advised movant of his possible sentencing exposure following trial; and (3) informed movant that if he did not accept the pending plea offer the government might elect to file a superseding indictment to add even more charges against him. (Id. at 6-7.) Trial counsel stated that he also told movant that the evidence against him was "overwhelming" and that counsel believed movant "would be convicted of most if not all of the charges and sentenced extremely harshly." (Id. at 6.) Subsequently, counsel had another meeting with movant at which he again urged movant to accept the government's plea offer. (Id. at 7.) Counsel declares that he even met with movant's mother and asked her to exert her influence to persuade movant to accept that offer. (Id.) Counsel states that movant, nonetheless, adamantly refused to accept the government's plea offer and insisted upon going to trial. (Id. at 6-7.)

Movant did not file a traverse or otherwise refute any of the statements contained in trial counsel's declaration, outlined above.[1] In the January 20, 2015 findings and recommendations, the undersigned recommended that this claim of ineffective assistance of trial counsel be denied. The undersigned noted that the extremely cursory allegations contained in the § 2255 motion failed to demonstrate that movant's trial counsel's performance in advising him whether to accept the government's plea offer was deficient. (ECF No. 293 at 14.) This court further noted that movant had not attempted to rebut his trial counsel's affidavit in the nearly two years since it had been filed with the court in these §2255 proceedings, and concluded that movant's self-serving statements in support of this claim of ineffective assistance of trial counsel, without more, were not sufficient to establish entitlement to habeas relief or an evidentiary hearing on this claim. (Id. at 14-15.)

In his objections to the January 20, 2015 findings and recommendations, movant greatly expands his allegations in support of his claim that his trial counsel rendered ineffective

---

[1] In his objections to the January 20, 2015 findings and recommendations, movant offers a lengthy explanation for his failure to file either a timely traverse in this matter or a "memorandum of points and authorities" in support of the claims contained in his § 2255 motion. (ECF No. 296 at 2-3; ECF No. 299 at 2-7.)

3

assistance during the plea bargain process. He "denies" his trial counsel's recitation of the facts surrounding the government's plea offer, contained in counsel's affidavit described above. (ECF No. 296 at 4.) Movant explains that the government offered to recommend a prison sentence of 12 years, 7 months if he would agree to plead guilty to "some of the charges and that movant kidnapped one of the girls from Stockton, CA; pointed a gun at a mentally disable [sic] woman; burned a woman on the buttocks with a hot clothing iron; and forced a woman into anal intercourse." (ECF No. 296 at 3-4.) Movant explains that he "realized that many of the counts he could not beat and he desperately wanted to take a plea." (Id. at 4.) To that end, he told his trial counsel he would accept the government's offer "at the high end of the guideline range" if counsel would ask the government to "remove the conduct regarding movant pointing a gun at a mentally disabled woman; kidnapping; burning a woman on the buttocks with a hot iron; and forcing a woman to engage in anal sex." (Id.) Movant states that his trial counsel was unable to convince the prosecution to remove any of these allegations. (Id.)

Movant further explains that the defense investigator had obtained "critical information for the defense" but that when this information was given to movant's trial counsel, counsel "claimed that it would not be helpful." (Id. at 5.) Movant states that at this point he "became desperate" and told his trial counsel to "tell the government that he'll accept a 15 year plea if the kidnapping; pointing a gun allegations would be removed." (Id.) Movant explains that he had state criminal charges pending against him and did not want to admit to "kidnapping anyone." (Id. at 5-6.) However, according to movant, his trial counsel never responded to his request to convey this offer to the government. (Id. at 6.)

Movant also states that his trial counsel obtained a report from an "expert sentencing consultant," but when the consultant's calculation of petitioner's sentencing guideline range was higher than the government's estimate, movant lost faith in his trial counsel. (Id.) Movant states that he complained to the defense investigator about his trial counsel's "actions," asked the investigator whether trial counsel had ever conveyed movant's requests about the plea offer to the government, and told the investigator that he would accept a "15 year plea." (Id.) According to movant, the investigator stated that "she didn't believe [trial counsel] was listening to movant."

4

(Id. at 6-7.)  Movant states that he "has at all times asserted that he wanted a plea contrary to [trial counsel's] assertion."  (Id. at 7.)

Finally, movant asserts that his trial counsel failed to advise him of the sentencing consequences of proceeding to trial.  Specifically, he states that he had "never been told that he would be exposed to additional enhancements outside of the aggravated enhancements that the government and [trial counsel's sentence expert] had already employed to reach their calculation determinations."  (Id.)  He also states that he was not informed he would be "exposed to an upper departure/variance sentence until after he was found guilty," and that "the jury would not have to find that he committed certain aggravated conduct outside of his prostitution ring involvement activities."  (Id. at 8.)  Movant informs the court that he believed his maximum sentence was "between 19-29 years."  (Id.)  He further states that he "through his counsel believed if he fought the enhancements that the government had initially outlined in its guideline calculation that he would not nearly be exposed to the top end guideline calculation of 29 years."  (Id. at 8-9.)

Movant states that if he had been fully advised of "the true risk of going to trial i.e. the upper departures/variance sentence he received outside of what the government's penalty it initially stated it intended to obtain," he would have pled guilty instead of going to trial.  (Id. at 9.)

**B. Applicable Law**

    **1. Motions Brought Pursuant to 28 U.S.C. § 2255**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.  United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).  Relief is warranted only where a petitioner has shown "a

fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### 2. Ineffective Assistance of Counsel

The clearly established federal law for ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984). To succeed on a Strickland claim, a defendant must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Id. at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 87 (2011) (quoting Strickland, 466 U.S. at 687).

The United States Supreme court has confirmed that the Sixth Amendment right to counsel "extends to the plea-bargaining process." Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376, 1384 (2012). To prevail on such a claim, a petitioner must demonstrate "'gross error on the part of counsel,'" Turner v. Calderon, 281 F.3d 851, 880 (9th Cir. 2002) (quoting McMann v. Richardson, 397 U.S. 759, 772 (1970)), and that the advice he received from his counsel was "so incorrect and so insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer.'" Id. (quoting United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992)).

In order to demonstrate prejudice where a defendant claims that trial counsel's defective advice caused him to reject a plea offer and proceed to trial, prejudice is demonstrated where "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that is fact were imposed." Lafler, 132 S.Ct. at 1385.

### 3. Evidentiary Hearings

In reviewing a motion brought pursuant to § 2255, a federal court shall hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See also United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (citing 28 U.S.C. § 2255(b)). Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); accord Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990). When a § 2255 movant raises a claim of ineffective assistance of counsel, the court should hold an evidentiary hearing unless "something in the record conclusively shows that [movant's] trial attorney was not ineffective." Burrows, 872 F.2d at 917.

In deciding whether a § 2255 movant is entitled to an evidentiary hearing, the district court should determine whether, accepting the truth of movant's factual allegations, he could prevail on his claim. Blaylock, 20 F.3d at 1465. However, to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, state a claim on which relief under § 2255 could be granted. United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The court may deny a request for evidentiary hearing on a § 2255 motion "if the petitioner's allegations, viewed against the record, fail to state a claim or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (citations omitted).

**C. Analysis**

The record before this court contains directly conflicting statements, from movant and from respondent (through the affidavit of movant's trial counsel), as to the circumstances surrounding the plea offer by the government and movant's eventual rejection of that plea offer. Movant's factual allegations, if taken as true, present a colorable claim of ineffective assistance of counsel based on his trial counsel's actions in presenting and negotiating the government's plea

offer; counsel's failure to convey movant's acceptance, if any, of the plea offer; and counsel's alleged failure to correctly advise movant of the length of his potential sentence if he went to trial. On the current record and without an evidentiary hearing, the court is unable to determine the circumstances surrounding the negotiation of the government's plea offer and movant's decision to proceed to trial. Further, the gap between movant's sentence of 40 years in prison if convicted and the sentence contemplated by a 12-year plea offer is sufficient to merit an evidentiary hearing on movant's allegations in this regard. See United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) (remanding for evidentiary hearing where counsel allegedly underestimated defendant's actual sentence by 102 months and court was confronted with conflicting affidavits).

**II. Conclusion**

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The order and findings and recommendations issued on January 20, 2015 are hereby vacated.

2. The court has determined that the interests of justice require appointment of counsel for movant at an evidentiary hearing. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The Federal Defender is therefore appointed to represent movant for the limited purpose of participating in the evidentiary hearing contemplated by this order.

3. The Clerk of the Court is directed to serve a copy of this order on the Federal Defender, Attention: Habeas Appointment.

4. Movant's counsel shall contact the Clerk's Office to make arrangements to obtain copies of documents in the file.

5. The court will sua sponte set this matter for status conference after the case is reassigned to another Magistrate Judge.

6. Movant's March 23, 2015 motion requesting the appointment of counsel (ECF No. 297) is denied as moot.

/////

/////

7. Movant's March 23, 2015 application to proceed in forma pauperis (ECF No. 298) is denied as unnecessary.

Dated: October 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Moss550.eh