BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:03-CR-0550 WBS EFB |
|---|---|
| Plaintiff, | UNOPPOSED MOTION AND [~~PROPOSED~~] PROTECTIVE ORDER COMPELLING ATTORNEY JAN KAROWSKY, ATTORNEY MICHAEL CHASTAINE, AND THEIR RESPECTIVE DEFENSE TEAMS TO PROVIDE DISCOVERY TO THE UNITED STATES |
| v. | |
| WILL MOSS, JR., | |
| Defendant. | |

## MOTION

The United States of America, through the undersigned Assistant United States Attorney, hereby moves the Court for an order (1) finding that Will Moss, Jr., has waived the attorney-client privilege with respect to the matters raised in his pending motion to correct his sentence pursuant to 28 U.S.C. § 2255, and (2) compelling attorney Jan Karowsky, attorney Michael Chastaine, and their respective defense teams to provide discovery to the United States subject to the waiver of privilege. This motion is unopposed.

**A. Factual Background**

The defendant is a federal prisoner formerly proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The defendant challenges his conviction on four counts of sex trafficking of children or by force, fraud or coercion in violation of 18 U.S.C. § 1591(a)(1); one count of coercion and enticement for prostitution in violation of 18 U.S.C. § 2422(a);

two counts of interstate transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a); one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); one count of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), and two counts of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  ECF Doc. 249 at 2.  The defendant claims that his pre-trial, trial, and appellate counsel rendered ineffective assistance.

On January 20, 2015, the Court issued findings and recommendations which recommended that movant's § 2255 motion be denied.  On March 16, 2016, movant filed extensive objections to those findings and recommendations.  After the Court reviewed the defendant's objections, which included additional factual allegations, the Court concluded that an evidentiary hearing would be required on the defendant's claim that his counsel rendered ineffective assistance during the plea bargaining process.

On October 30, 2015, the Court vacated its January 20, 2015 findings and recommendations and indicated that new findings and recommendations on movant's §2255 motion would be issued after an evidentiary hearing has been completed.  ECF Doc. 314 at 8.  The Court ordered new counsel to be appointed for "the limited purpose of participating in the evidentiary hearing contemplated in this order."  *Id*.  In its October 30, 2015 order, the Court provided a detailed summary of the current procedural posture and the remaining factual issues to be resolved through an evidentiary hearing.  ECF Doc. 314 at 2-5.  The defendant now alleges, among other things, the following:

(1)  The defendant's counsel rendered ineffective assistance in failing to inform him of the "true risks associated with proceeding to trial versus pleading guilty."  (ECF Doc. 250 at 4.)

(2)  Attorney Jan Karowsky's recitation of the facts surrounding the government's plea offer and plea negotiations (ECF Doc. 268-2) were false.  (ECF Doc. 296 at 4.)

(3)  The defendant "desperately wanted to take a plea," and told his counsel he would accept the government's offer "at the high end of the guideline range."  (*Id*. at 4.)

(4)  The defense investigator obtained "critical information for the defense," but after counsel "claimed that it would not be helpful," the defendant "became desperate" and told counsel to "tell the government that he'll accept a 15 year plea if the kidnapping [and] pointing a gun allegations" were removed.  (*Id*. at 5-6.)

(5)   The defendant's counsel never conveyed the above plea offer to the government. (Id. at 6.)

(6)   The defendant lost faith in his counsel. (Id.)

(7)   The defendant complained to the defense investigator about counsel's "actions," asked the investigator whether counsel had conveyed his plea offer to the government, and told the investigator that he would accept a "15 year plea." (Id.)

(8)   The defense investigator told the defendant that "she didn't believe [counsel] was listening to movant." (Id. at 6-7.)

(9)   The defendant "has at all times asserted that he wanted a plea contrary to [counsel's] assertion." (Id. at 7.)

(10)  Counsel failed to advise the defendant of the sentencing consequences of proceeding to trial, including the possibility of being exposed to "additional enhancements," "an up[ward] departure/variance," and that "the jury would not have to find that he committed certain aggravated conduct." (Id. at 8.)

(11)  The defendant believed his maximum sentence was "between 19-29 years," and "believed if he fought the enhancements . . . that he would not nearly be exposed to the top end guideline calculation of 29 years." (Id. at 8-9.)

(12)  If counsel had fully advised the defendant regarding "the true risk of going to trial" he would have pled guilty instead of going to trial. (Id. at 9.)

**B.  The Court Should Find The Privilege Has Been Waived And Compel Former Counsel To Provide Information and Testimony**

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). In the context of a claim of ineffective assistance in a collateral attack, the privilege is implicitly waived "by asserting claims the opposing party cannot adequately dispute unless it has access to the privilege materials." *Id*. at 719. The defendant may preserve the confidentiality of privileged communications by choosing to abandon the claim that gives rise to the waiver condition. *Id*. at 721.

///

Because the defendant has placed the nature of his attorney-client relationship with prior counsel at issue by claiming counsel provided poor legal advice concerning the plea negotiation and other issues, the defendant has waived his privilege as to those matters. *See Bittaker*, 331 F.3d at 716.  Further, although the United States believes that the defendant's former counsel will dispute the allegations in the § 2255 motion, the United States needs the opportunity to obtain such information concerning former counsel's oral and written communications with the defendant.

The government cannot respond to the defendant's allegations without discovery from Attorney Jan Karowsky and his defense investigator.  Additionally, the defendant now claims that he "has at all times asserted that he wanted a plea contrary to [counsel's] assertion." (Id. at 7.)  His trial attorney, Michael Chastaine, and Mr. Chastaine's defense investigator will likely have information to address that claim. Mr. Chastaine was appointed to try the case after Mr. Karowsky was relieved.[1]

For these reasons the Court should enter an order finding that the defendant has waived the attorney-client privilege as to communications with his former defense counsel Jan Karowski and Michael Chastaine and their defense investigators, and compelling them to provide such information, and any required testimony, upon request.

Respectfully submitted,

Dated:  February 26, 2016

BENJAMIN B. WAGNER
United States Attorney

By: */s/ Michael M. Beckwith*
MICHAEL M. BECKWITH
Assistant United States Attorney

---

[1] In 2012, Judge Garcia issued an order directing Jan Karowsky and Michael Chastaine to provide the government with discovery in response to the defendant's § 2255 motion. ECF Doc. 262. There was no objection to that order.  The government now seeks a supplemental order because the Court's previous order is now nearly four years old and did not contemplate an evidentiary hearing. Attorney Karowsky recently expressed concern about testifying against a former client without an order from the Court compelling testimony as well.

**[PROPOSED] PROTECTIVE ORDER**

For good cause showing, and based on the record before the Court, the Court hereby FINDS that defendant Will Moss, Jr., through the claims of ineffective assistance of counsel made in his pending motion to correct his sentence pursuant to 28 U.S.C. § 2255, has waived the attorney-client privilege with respect to any discussions he had with his attorneys Jan Karowsky and Michael Chastaine, and their respective defense investigators, including any advice or strategy, concerning the following allegations:

(1) The defendant's counsel rendered ineffective assistance in failing to inform him of the "true risks associated with proceeding to trial versus pleading guilty." (ECF Doc. 250 at 4.)

(2) Attorney Jan Karowsky's recitation of the facts surrounding the government's plea offer and plea negotiations (ECF Doc. 268-2) were false. (ECF Doc. 296 at 4.)

(3) The defendant "desperately wanted to take a plea," and told his counsel he would accept the government's offer "at the high end of the guideline range." (Id. at 4.)

(4) The defense investigator obtained "critical information for the defense," but after counsel "claimed that it would not be helpful," the defendant "became desperate" and told counsel to "tell the government that he'll accept a 15 year plea if the kidnapping [and] pointing a gun allegations" were removed. (Id. at 5-6.)

(5) The defendant's counsel never conveyed the above plea offer to the government. (Id. at 6.)

(6) The defendant lost faith in his counsel. (Id.)

(7) The defendant complained to the defense investigator about counsel's "actions," asked the investigator whether counsel had conveyed his plea offer to the government, and told the investigator that he would accept a "15 year plea." (Id.)

(8) The defense investigator told the defendant that "she didn't believe [counsel] was listening to movant." (Id. at 6-7.)

(9) The defendant "has at all times asserted that he wanted a plea contrary to [counsel's] assertion." (Id. at 7.)

///

///

(10)  Counsel failed to advise the defendant of the sentencing consequences of proceeding to trial, including the possibility of being exposed to "additional enhancements," "an up[ward] departure/variance," and that "the jury would not have to find that he committed certain aggravated conduct." (Id. at 8.)

(11)  The defendant believed his maximum sentence was "between 19-29 years," and "believed if he fought the enhancements . . . that he would not nearly be exposed to the top end guideline calculation of 29 years." (Id. at 8-9.)

(12)  If counsel had fully advised the defendant regarding "the true risk of going to trial" he would have pled guilty instead of going to trial. (Id. at 9.)

(13)  Any other allegation or claim in the defendant's § 2255 motion related to ineffective assistance of counsel.

The Court further FINDS that the United States is permitted to take discovery related to these allegations from the defendant's former counsel, including but not limited to (1) Jan Karowsky, (2) Michael Chastaine, and (3) any other member of the defense team who communicated with Moss with respect to the foregoing allegations in order to respond to the defendant's claims of ineffective assistance of counsel. *See Bittaker*, 331 F.3d at 719.

Accordingly, IT IS HEREBY ORDERED THAT attorney Jan Karowsky, attorney Michael Chastaine, and any other member of the defense team who communicated with Moss with respect to the foregoing allegations shall provide, within twenty-one (21) days of this Order, the United States and current counsel for the defendant copies of all notes, documents, records, or other evidence related to the allegations identified above. To the extent that the documents contain privileged information on other matters not delineated above, the aforementioned attorneys can redact that information.

IT IS FURTHER ORDERED THAT attorney Jan Karowsky, attorney Michael Chastaine, and any other member of the defense team who communicated with Moss with respect to the foregoing allegations shall make themselves available for joint interviews prior to April 19, 2016 to answer any questions posed by the United States and/or the defendant's current counsel regarding the allegations discussed above. The aforementioned individuals, if called by either party, shall also testify in Court on April 19, 2016 to answer any questions posed by the United States and/or the defendant's current

1  counsel regarding the allegations discussed above.

2      IT IS FURTHER ORDERED THAT the government shall limit its use of the documents, the
3  information contained therein, and any information gathered from the interviews of Mr. Karowsky, Mr.
4  Chastaine, or members of the defense team to rebuttal of the defendant's § 2255 claims.

5      IT IS FURTHER ORDERED THAT the government shall not use the documents, the
6  information contained therein, or any information gathered from the interviews of Mr. Karowsky, Mr.
7  Chastaine, or members of the defense team against petitioner in any manner during any future
8  proceeding, including any possible retrial; and the government shall treat the documents, the information
9  contained therein, and any information gathered from the interviews of Mr. Karowsky, Mr. Chastaine, or
10 members of the defense team as confidential and shall not disseminate or disclose any information,
11 documents, or the content of any documents obtained pursuant to this Order other than in the course of
12 its litigation of this § 2255 proceeding.

14     IT IS SO ORDERED.

15 Dated: March 7, 2016        By: /s/ Edmund F. Brennan

16                                     HON. EDMUND F. BRENNAN
                                       United States Magistrate Judge
17                                     Eastern District of California