UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:03-cr-0550-WBS-EFB P |
| Respondent, | |
| v. | ORDER |
| WILL MOSS, JR., | |
| Movant. | |

Movant, Will Moss, Jr., is proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He filed his initial § 2255 motion on October 26, 2011, in which he raised three grounds for federal habeas relief. ECF No. 250. On January 20, 2015, the assigned magistrate judge filed an order and findings and recommendations (F&Rs) which, *inter alia*, recommended that movant's § 2255 motion be denied. ECF No. 293. Moss filed objections to that recommendation, ECF No. 313, and after reviewing those objections, the assigned magistrate judge vacated the findings and recommendations and scheduled an evidentiary hearing on the claim of ineffective assistance of counsel during the plea bargain process. ECF No. 314. That same order also appointed counsel for Moss for purposes of the evidentiary hearing. That evidentiary hearing took place on August 9, 2016.[1]

---

[1] On March 23, 2015, Moss filed a motion for leave to amend his § 2255 motion to add three additional claims of ineffective assistance of appellate counsel. ECF No. 299. That motion was denied by order dated November 6, 2015. ECF No. 316.

1

On June 23, 2016, Moss's counsel filed another § 2255 motion, in which he raised a claim based on the recent United States Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2251 (2016). ECF No. 335. Counsel requested that the court denominate his *Johnson* claim as ground four of his original §2255 motion. *Id.* at 2. On June 24, 2016, Moss also separately filed a duplicative motion to amend his pending § 2255 motion to add a claim based on the *Johnson* decision. ECF No. 337. On July 22, 2016, Moss's counsel filed a document entitled "Second Amended Motion to Reduce Sentence," in which he adds several other claims based on the *Johnson* decision. ECF No. 346.

The court construes movant's June 23, 2016 and July 22, 2016 filings as one motion to amend the pending § 2255 motion. *See Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2009) ("[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." (quotation marks and citation omitted)). However, Local Rule 220 provides that "every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." E.D. Cal. L.R. 220 (Changed Pleadings). No pleading shall be deemed amended or supplemented until this Rule has been complied with, and all changed pleadings shall contain copies of all exhibits referred to in the changed pleading. *Id.* Therefore, movant will be directed to conform his recently filed motions to amend to meet the requirements of Local Rule 220. Further, because movant is currently represented by counsel, his June 24, 2016 motion to amend, filed in propria persona, is not properly before the court and will be disregarded.

On July 11, 2016, the government filed a motion to stay these proceedings pending a decision on several cases in the Ninth Circuit that might resolve some of movant's *Johnson* claims. ECF No. 342. The government argues that movant will not be prejudiced by a stay because, even if he is successful on his *Johnson* claims, he would still have a substantial portion of his sentence left to serve. *Id.* at 2. The government also argues that a stay is "highly unlikely to last longer than a few months, given the importance of the questions now pending before the

Ninth Circuit." *Id.* In essence, the government argues that a stay "significantly promotes judicial economy but places no real burden on Moss." *Id.* at 3. Moss filed an opposition and the government filed a reply. ECF Nos. 343, 345.

After a review of the briefs, the court does not find good cause to stay this action. Any ruling by the Ninth Circuit could be appealed to the United States Supreme Court, thereby extending a stay for an indeterminate and lengthy period. *See Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000) (refusing to authorize "an indefinite, potentially lengthy stay in a habeas case" pending resolution of another case in the Ninth Circuit); *United States v. Plumlee*, No. 2:10-CR-2037-RMP, 2016 WL 3024107 (E.D. Wash. May 25, 2016) (refusing to authorize a stay of a habeas action pending decisions in the Ninth Circuit that might have an impact on petitioner's *Johnson* claims). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). In addition to the indefinite and potentially lengthy stay that could result from granting the motion, this is not a case in which resolution of the *Johnson* issue would be dispositive of the entire case. Moss has other claims before this court independent of *Johnson* which, if granted, could possibly result in an immediate retrial or release from custody. In that regard, the court in *Young* explained:

> We acknowledge that the district court was in an unenviable position. It was faced with a number of petitions in an evolving area of law and knew that, however it ruled, it might be required to revisit its decision if its reasoning did not comport with our ruling in *Ma*. The stay it crafted, however, placed a significant burden on Yong by delaying, potentially for years, any progress on his petition. Consequently, although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here. *See Johnson,* 917 F.2d at 1285 (holding that a crowded docket, without more, is insufficient to justify lengthy delay).

*Id.* at 1120-21. Under these circumstances, the granting of a stay would not be appropriate.

/////
/////
/////
/////

3

1   Accordingly, for the foregoing reasons, IT IS ORDERED that:

2   1.  Within thirty days from the date of this order, movant shall file one motion to amend that includes all of the § 2255 claims he intends to raise in this action.   Respondent shall file a response to the newly filed motion to amend within fourteen days and movant may file a reply within seven days thereafter;

3   2. Movant's July 22, 2016 "Second Amended Motion to Reduce Sentence" (ECF No. 346) is denied without prejudice;

4   3. Movant's June 23, 2016 "Motion to Vacate, Set Aside or Correct Sentence" (ECF No. 335), construed as a motion to amend his pending §2255 motion, is denied without prejudice;

5   4. Movant's pro per motion to amend (ECF No. 337) is stricken from the record; and

6   5. The government's motion to stay these proceedings (ECF No. 342) is denied.

DATED:  August 16, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE