UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WILL MOSS, JR.,<br><br>Movant. | No. 2:03-cr-0550-WBS-EFB P<br><br><br><br>ORDER |

Movant Will Moss is proceeding through counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Moss filed his initial § 2255 motion on October 26, 2011, in which he raised three grounds for federal habeas relief. ECF No. 250. On January 20, 2015, the previously-assigned magistrate judge issued an order and findings and recommendations which, *inter alia*, recommended that Moss's § 2255 motion be denied. ECF No. 293. Moss filed objections to that recommendation, ECF No. 313, and after reviewing those objections, the magistrate judge vacated his findings and recommendations and scheduled an evidentiary hearing on one of Moss's claims; i.e. a claim of ineffective assistance of counsel during the plea bargain process. ECF No. 314. That same order also appointed counsel for Moss for purposes of the evidentiary hearing. *Id.* The order stated that "new findings and recommendations on Moss's § 2255 motion will be issued after the evidentiary hearing has been completed." *Id.* at 2.

An evidentiary hearing was held on August 9, 2016, as to Moss's claim of ineffective assistance of counsel during the plea bargain process. ECF No. 350. At the conclusion of the hearing, the court heard limited oral argument and set a post-hearing briefing schedule to address the matters raised at issue in the evidentiary hearing. Under that schedule Moss's opening brief is due on October 11, 2016; the Government's response is due on November 8, 2016, and Moss's reply is due on November 22, 2016.

Since that schedule was set, the parties have raised the question of whether the briefs may address claims other than the one at-issue during the evidentiary hearing. This includes a newly added claim based on the recent United States Supreme Court decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2251 (2016), as well as claims contained in his original § 2255 motion.

The procedural history as to Moss's *Johnson* claims is somewhat muddled. On June 23, 2016, Moss's counsel filed another § 2255 motion, in which he raised a *Johnson* claim and requested that the court denominate it as ground four of his original § 2255 motion. ECF No. 335 at 2. The next day, on June 24, 2016, Moss also separately filed a duplicative motion to amend to add a *Johnson* claim. ECF No. 337. Thereafter, on July 22, 2016, Moss's counsel filed a document entitled "Second Amended Motion to Reduce Sentence," in which he added several other claims based on the *Johnson* decision. ECF No. 346.

Moss's duplicative June 24, 2016 filing was stricken, and his June 23, 2016 and July 22, 2016 filings were construed as a single motion to amend the pending § 2255 motion. ECF No. 352. However, Moss was directed to file a proper motion to amend that complied with Local Rule 220 ("every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading"). *Id.* Finally, in response to that order, Moss filed his "Third Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255." ECF No. 354. That amended motion includes all of the claims contained in Moss's original §2255 motion and adds an additional claim based on the *Johnson* decision. With regard to the claims contained in his original § 2255 motion, Moss has added no new arguments but has elected to rely

on his original §2255 motion "as is." *Id.* at 1 n.1.  On the other hand, Moss explains and argues his *Johnson* claims at length.

The government filed a response on September 13, 2016, arguing that the court should "adopt" Judge Drozd's earlier (and since vacated) findings and recommendations with respect to all of Moss's original claims, with the exception of his claim of ineffective assistance of counsel during the plea bargain process.  ECF No. 356.  The government suggests that the new findings and recommendation yet to be issued need address only Moss's *Johnson* claims and his claim of ineffective assistance of counsel during the plea bargain process.  ECF No. 356 at 1.  Put another way, the government "asks the Court to consolidate Judge Drozd's prior findings and recommendations with its rulings on the IAC claim (during the plea bargain process) and the *Johnson* claim." *Id.* at 4.  The government also requests that the court consolidate all briefing on Moss's third amended § 2255 motion with the briefing already scheduled, described above.  *Id.*  The government does not object to amendment of Moss's § 2255 motion to add his *Johnson* claims.  Further the government suggests that the briefing on all of Moss's § 2255 claims conform to the previously imposed briefing schedule.

Moss raises no objection to adhering to the existing schedule, but his reply argues that because Judge Drozd vacated his entire January 20, 2015 findings and recommendations, Moss "retains his right to file pleadings on the other, unresolved issues."  ECF No. 360 at 2.  Moss does not explain the nature of the "pleadings" to which he refers.

There is some merit to the government's position that the earlier findings and recommendation were vacated for a particular purpose, that being the need to resolve by way of an evidentiary hearing the material factual disputes central to the IAC claim during the plea bargain process.  For that reason, the court is not in need of supplemental briefing as to any issues other than those raised in the evidentiary hearing (i.e. the IAC during plea negotiations claim) and the *Johnson* claims.  Because Moss's third amended § 2255 motion adds no further arguments with respect to the claims contained in his original § 2255 motion, the government may elect to rely on its original answer with respect to those claims.  For the same reason, no traverse is necessary with respect to Moss's original claims.  However, the court will not prevent any party

from elaborating on the arguments already before the court, if it so chooses. Counsel are simply reminded that redundant briefing is unhelpful and may detract from the focus on the IAC/plea negotiation claim and the *Johnson* claims.

Accordingly, IT IS ORDERED that:

1. Moss's request to amend his pending § 2255 motion to add additional claims is granted and this matter proceeds on Moss's August 30, 2016 third amended § 2255 motion (ECF No. 354); and

2. Moss's brief on the claims contained in his third amended §2255 motion is due on October 11, 2016; the Government's response/answer is due on November 8, 2016, and Moss's reply/traverse is due on November 22, 2016. The court does not intend to continue the dates set in this briefing schedule.

DATED: September 26, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE