UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WILL MOSS, Jr.,<br><br>Movant. | No. 2:03-cr-0550 WBS EFB P<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On November 29, 2017, the court recommended that movant's motion be denied with respect to all claims other than those accruing under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The court recommended that the *Johnson* claims be stayed. Those recommendations are still pending. Now, movant has filed a *pro se* motion to appoint counsel. ECF No. 377. Therein, he notes that his current counsel was appointed, first for the limited purpose of an evidentiary hearing which was held on August 9, 2016, and then for the limited representation of his *Johnson* claims. *Id.* at 1. Movant states that he has communicated with his counsel and that their understanding is that, going forward, counsel will only be litigating: (1) the ineffective assistance of counsel – plea bargaining claim which underlay the evidentiary hearing; and (2) his *Johnson* claims. Movant now requests that the appointment of counsel be expanded to include all claims raised in his motion. *Id.* at 2.

1

Appointment of counsel in a § 2255 action is generally discretionary. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) ("Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court."). Here, movant was provided counsel for his evidentiary hearing. The court has now concluded that his non-*Johnson* claims are without merit. Thus, the court concludes that the interests of justice do not require expansion of appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B) (allowing appointment where: (1) the person is financially eligible for appointment of counsel; and (2) the interests of justice require the appointment).

In his motion, movant also makes allegations that prison officials have failed to provide him with prescription eye glasses. ECF No. 377 at 2. He argues that his ability to litigate is impaired by this failing and that, consequently, he has filed a separate *Bivens* action on this issue in the Central District of California. *Id.* Nevertheless, he requests that this court order unnamed prison officials to provide him with prescription eye glasses. *Id.* at 3. Resolution of this issue by way of this § 2255 action is inappropriate. Movant may raise this request in the aforementioned separate *Bivens* action.

For the foregoing reasons, movant's motion for appointment of counsel (ECF No. 377) is DENIED.

DATED: January 22, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE