UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WILL MOSS, Jr.,<br><br>Movant. | No. 2:03-cr-0550-WBS-EFB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Movant Will Moss, Jr. (hereinafter "movant") is a federal prisoner proceeding with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On November 29, 2017, the court recommended that all claims, other than those arising pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), be denied. ECF No. 373. With respect to movant's *Johnson* claims, the court recommended that they be stayed pending a decision by the United State Supreme Court in *Sessions v. Dimaya*, No. 15-1498 and, subsequently, the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080, 2017 U.S. App. LEXIS 12604 (9th Cir.). ECF No. 373 at 52. On March 5, 2018, the district judge adopted those findings. ECF No. 382. Movant filed a notice of appeal (ECF No. 383) and his appeal was subsequently dismissed by the Ninth Circuit for failure to prosecute (ECF No. 389).

Several pending motions remain on this court's docket, however. Movant has filed: a motion for leave to amend his § 2255 motion (ECF No. 387) and a request for a copy of the

1

objections filed to this court's previous findings and recommendations (ECF No. 388).[1]  His counsel has filed a motion to stay all proceedings pending the aforementioned Supreme Court decision in *Dimaya*.  ECF No. 390.  For the reasons stated hereafter, the court will deny movant's request for a copy of the objections and also recommend that the other motions be denied.

## Motion for Leave to Amend

Movant argues that he should be given leave to amend his motion to include claims based on the Supreme Court's decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017).  In *Nelson*, the Supreme Court found that it violated due process for a state to require defendants whose conviction had been reversed or vacated to prove that innocence by clear and convincing evidence in order to be refunded costs, fees, and restitution associated with those invalid convictions.  *Id.* at 1252.  Movant argues that *Nelson* helps his cause insofar as its holding should be applied to uncharged crimes like the ones used by the trial court to enhance his sentence.  ECF No. 387 at 4.  He contends that *Nelson* "effectively overrule[s]" the Supreme Court's previous decision in *United States v. Watts*, 519 U.S. 148 (1997) wherein it held that a sentencing court may consider conduct of which defendant has been acquitted, provided that the conduct in question has been proved by a preponderance of the evidence.  *Id.* at 156-57.

The court recommends that movant be denied leave to amend for two reasons.  First, the timing of this motion clearly militates in favor of denial.  Movant brings this request to amend after the court has already adjudicated – save for the stayed *Johnson* claims – his previous motion.  And given that that *Nelson* was decided in April of 2017, there is no justifiable reason for this delay.  Second, movant's argument is without merit and this amendment would be futile.  Movant is requesting an extension of *Nelson* which the Supreme Court has not articulated.  *Nelson* dealt with a state's retention of funds following the invalidation of a conviction – a

---

[1] Most recently, movant has also filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.  ECF No. 391.  Movant requests that the court set aside the judgment entered by this court on March 6, 2018.  *Id.*  This appears to refer to the district judge's order –signed on March 6, 2018 and docketed on March 7, 2018 – denying movant's request for a stay of partial judgment.  ECF No. 386.  Given that this motion has not been referred to this court, it will not be taken up in these recommendations.

question entirely separate from what evidence a sentencing court may consider following a valid conviction. And it is obviously beyond the prerogative of this court to overrule any of the Supreme Court's prior holdings. *See Hohn v. United States*, 524 U.S. 236, 252-53 (1998) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality.").

### Request for a Copy of Objections

Movant states that, despite repeated requests to his counsel, he has not received the objections counsel filed on his behalf to the court's findings and recommendation (ECF No. 373). No objections were ever filed on the docket and, consequently, this request is denied as moot.

### Motion to Stay All Proceedings

This filing, apparently submitted by movant's counsel, is a duplicate of the motion filed on December 11, 2017. ECF No. 375. The current motion even bears the December date. ECF No. 390 at 3. This court recommended that the earlier motion be denied (ECF No. 376). Those recommendations were adopted by the district judge on March 7, 2018. ECF No. 386. Consequently, the current motion should be denied for the same reasons.

### Conclusion

For the reasons stated above, it is ORDERED that movant's request for a copy of objections (ECF No. 388) is DENIED as moot. Further, it is RECOMMENDED that movant's motions to amend his section 2255 motion (ECF No. 387) and motion to stay all proceedings (ECF No. 390) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the

event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  December 12, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Edmund F. Brennan
　　　　　　　　　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE