UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>WILL MOSS, Jr.,<br><br>Movant. | No. 2:03-cr-0550-WBS-EFB P<br><br><br>ORDER |

Movant Will Moss, Jr. (hereinafter "movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On November 29, 2017, the court recommended that all claims, other than those arising pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), be denied. ECF No. 373. With respect to movant's *Johnson* claims, the court recommended that they be stayed pending a decision by the United States Supreme Court in *Sessions v. Dimaya*, No. 15-1498 and, subsequently, the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080, 2017 U.S. App. LEXIS 12604 (9th Cir.). ECF No. 373 at 52. Those recommendations were adopted by the district judge. ECF No. 382.

In April of 2018, movant filed a motion seeking to terminate his appointed counsel and proceed pro se. ECF No. 393. That motion was granted. ECF No. 394. On January 22, 2019, mail sent to movant from the court was returned as undeliverable. ECF No. 396. Subsequently, mail sent to movant was again returned as undeliverable on February 19, 2019. ECF No. 398.

After mail was returned as undeliverable, the court was alerted to the fact that the Bureau of Prisons ("BOP") website lists movant as deceased. The court takes judicial notice of that site and the listing of movant as deceased as of November 21, 2018. *See* https://www.bop.gov/inmateloc/ and input "14896-097"[1] under "register number."[2]

Accordingly, it is ORDERED that the government shall, within fourteen days from the date this order is served, determine whether movant is deceased and, if he is, file a proper notice pursuant to Rule 25 of the Federal Rules of Civil Procedure.

DATED: February 27, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] This is the BOP register number listed for movant on the docket.

[2] *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (information on government agency websites often found to be proper subjects for judicial notice).